DORA DEITRICHS, APPELLANT, V. THE LINCOLN & NORTHWESTERN R. COMPANY, APPELLEE.

1. **Witness:** OPINION. A witness not shown to have any knowledge in the matter of the construction or operation of railroads, is not competent to give an opinion as to the needs of a railroad company in respect to its depot, or other grounds.

2. **Evidence:** ERROR IN THE REJECTION OF, CURED. When the evidence of a witness is erroneously excluded, if it be subsequently admitted, the error is not a ground for reversing the judgment.

3. **Railroad:** GENERAL MANAGER: EMINENT DOMAIN. The decision of the general manager of a railroad company is *prima facie*, and in the absence of all evidence to the contrary, a just measure of what is essential to the convenient and proper conduct of its business, and sufficient to warrant the exercise of the power of eminent domain in its behalf.

4. ———: ———. In the exercise of the right of eminent domain by a railroad company for right of way, depot and other grounds, under the statute of this state, one appropriation does not exhaust its power, but new appropriations may be made from time to time as the necessities of the road may require.

5. ———: ———. Where one of the grounds upon which it was sought to enjoin the condemnation of land was that the company, in whose name the proceedings were conducted, had leased its road for a term of years not yet expired, *Held,* That the proceedings were properly taken in the name of such company.

APPEAL from the district court for Platte county, POST, J., presiding.

*McAllister Brothers,* for appellant.

Right to condemn exhausted by one user. Mills on Eminent Domain, sec. 58. *Brooklyn Central R. R. v. Brooklyn City R. R.*, 32 Barb., 358. *Hudson & Delaware Canal Co. v. N. Y. & Erie R. R.*, 9 Paige Ch., 322. *Moorhead v. Little Miama R. R.*, 17 Ohio, 340. *Atkinson v. Marietta & Cincinnati R. R.*, 15 Ohio State, 21. Evidence of William Dietrichs should have been admitted. 1 Greenleaf on Evidence, sec. 99. 1 Wharton Evidence, secs. 172, 173. Before a corporation can condemn private property they are required to prove their existence and right to exist. Abbot's Trial Evidence, p. 19, sec. 3. This company had not complied with the law.

*A. M. Post*, for appellee.

LAKE, CH. J.

This action was commenced in the district court for Platte county to enjoin the condemnation of a lot in the city of Columbus, belonging to the plaintiff, by the defendant for railroad purposes.

In the court below the case was sent to a referee for trial, who reported his findings of fact and conclusions of law together with the evidence submitted to him. In accordance with these findings, the action was dismissed for want of equity. The several questions presented for our determination were raised on a motion for a new trial, and we will consider them in the order in which they were there stated.

It is claimed, *first*, that the referee erred in excluding certain testimony offered by the plaintiff to show that the lot in question was not needed for the purposes of the defendant company. The witness whose opinion was asked as to the needs of the company in this respect was the husband of the plaintiff. The proposed testimony was rightly excluded for the reason that the witness was not shown to be qualified to give an intelligent opinion upon that sub-

ject. There is nothing in the bill of exceptions to indicate what his pursuits had been or then were, and it certainly could not be presumed that he was a proficient in the matter of the construction or the necessities of railroads.

It is also claimed that the referee erred in not permitting the same witness to answer a question put to him as to the time when the road, side tracks, depot buildings, etc., at Columbus, were finished. The testimony thus sought was pertinent to, and was probably offered in support of the averment in the petition that the lot in controversy was "not needed for any purpose whatever by said defendant corporation." As an admission by the company that at the time of establishing and laying out its grounds at this place the acquisition of this lot was not included in its then anticipated wants, we think this was proper testimony. But, although it may have been, and probably was admissible, still, in view of the fact that under a more favorable ruling of the referee the fact thus sought for was fully brought out from this witness in his further examination, the error was without prejudice, and is not a good ground for reversing the judgment. On this point the record shows that, in answer to the second succeeding question, this witness said that "it was about three months" after the completion of the tracks, depot, and other buildings before proceedings for the condemnation of this lot were commenced. And besides, it was conceded on the part of the company that in the first location of its grounds the plaintiff's lot was not included.

Complaint is also made that the referee would not permit the plaintiff to show by this witness that there had been no change made in the location of the tracks or buildings of the company within the city since they were first placed. Conceding this fact to have been material to the plaintiff's case, still the ruling complained of was entirely harmless, for the reason that it was clearly established by the cross examination of A. M. Post, one of the defendant's

witnesses, that no change in any of these particulars had been made.

It is also urged that certain testimony given by the witness Post as to what was done and said by A. E. Touzalin, the general manager of the company, in directing the location of the tracks and depot grounds, and as to the necessity for taking this lot, ought to have been excluded. Much of this testimony was admitted without objection; but even that which was not was clearly admissible under the pleadings, especially in view of the charge made in the petition that the proceedings in condemnation were not directed by any competent authority, but by persons whose only relation to the company was merely that of attorneys at law. It may be said further of this testimony that it tended strongly to show good faith on the part of the company in desiring to acquire this lot, which, together with a total want of evidence of bad faith, fully justified the conclusion of the referee upon this point. We are of opinion that in the location of depot and other grounds of a railroad company, and in fixing their extent, the decision of the general manager of the company, who, as this official designation fairly implies and the evidence clearly shows, "had charge of all of its business," including the construction of the road and buildings, is *prima facie*, and in the absence of all evidence to the contrary a just measure of what is essential to the convenient and proper conduct of its business, and sufficient to warrant the exercise of the power of eminent domain in its behalf.

It is further objected that the referee erred in his finding that the Burlington & Missouri River Railroad Company had been consolidated with the Chicago, Burlington & Quincy Railroad Company. There is, however, no error in this respect, for the fact of such consolidation is substantially set forth in the petition, although claimed to have been somewhat irregularly done, and is formally admitted in the answer.

Exception is also taken to the conclusions of law drawn by the referee from the pleadings and evidence. These conclusions were in substance, *first*, that by the original condemnation of property to its use in the city of Columbus the company had not exhausted its right under the statute to take land for "right of way and depot grounds" therein; *second*, that the proceedings to condemn the lot in question were properly taken by the defendant company; *third*, that there was no equity in the plaintiff's case.

We discover no error in either of these conclusions. As to the first, we find that the referee is well supported by many decisions under statutes not materially different from our own.

In *Prauther v. Jeffersonville M. & I. R. Co.*, 52 Ind., 16, it is said that: "It is firmly settled that making one appropriation does not exhaust the power, but new appropriations may be made from time to time as the necessities of the road may require." To the same effect is the decision in the case of *The Toledo & Wabash R. Co. v. Daniels et al.*, 16 Ohio St., 390, under a statute of which ours is a substantial copy. See also *Chicago, Burlington & Quincy R. Co. v. Wilson*, 17 Ill., 123. We are aware that there are cases in which a contrary rule is held, but they arose under statutes wherein the intent of the legislature to limit the power of the company to that, taken for the original construction of the road, was apparent. We find nothing in our statute indicative of such intent, but, on the contrary, an intent the very reverse of this seems manifest. By sec. 81, ch. 16 Comp. Statutes, it is provided that: "Such corporation is authorized to enter upon any land for the purpose of examining and surveying its railroad line, and may take, hold, and appropriate so much real estate as may be necessary for the location, construction, and convenient use of its road, including all necessary grounds for stations, buildings, workshops, depots, machine-shops, switches, side tracks, turn-

tables and water stations;"    *    *    *    *    *    " *Provided*
that the lands held, taken and appropriated, otherwise
than by consent of the owner, shall not exceed two hun-
dred feet in width, except for wood and water stations, and
depot grounds, unless where greater width is necessary for
excavations, embankments, or depositing waste earth, etc.
It seems to us that it would be an exceeding narrow con-
struction of this language to hold that it does not author-
ize an additional condemnation of land by a company,
when it is ascertained that the quantity first appropriated
is inadequate to the convenient use of its road."

It appears that the defendant company, prior to the com-
mencement of the proceedings to condemn this lot, had by
lease for a term of years transferred to another company
"all of the property and franchises," which it then owned,
or might thereafter acquire.    This lease, it is urged, had the
effect to deprive the defendant of the right, even if it
would otherwise have had it, to exercise the power of emi-
nent domain, and that therefore the finding of the referee
in this respect was erroneous.    We think this objection
is untenable.    The lease expressly provides that the de-
fendant shall " do and perform any and every corporate
act which may be necessary, useful or appropriate to " secure
to its lessee "the full enjoyment of    *  .  *    *    every fran-
chise, right, easement, power, and privilege" which it then
possessed or might thereafter acquire, and that it would
also to this end "maintain its corporate organization."
The condemnation of this lot for the purposes of the com-
pany is certainly a corporate act, and if essential to the
convenient and proper use of its road by the lessee, is one
which by the terms of the lease the defendant was bound
to perform upon request; and besides there is no authority
for proceeding in any other name than that of the defend-
ant company.    Of the finding of no equity in the plain-
tiff's case, all that need be said is that this is a necessary
conclusion from the findings of fact, which, as already

stated, we approve.    There is no material error in the record, and the judgment must be affirmed.

JUDGMENT AFFIRMED.