MARGARET GOTTSCHALK, APPELLANT, v. THE LINCOLN AND NORTHWESTERN RAILROAD COMPANY, APPELLEE.

Railroad: EMINENT DOMAIN: INJUNCTION. The fact that proceedings to condemn land to the use of a railroad were taken and prosecuted by direction of the lessee of the road, but in the name of the lessor, *Held*, Not a sufficient ground for enjoining them at the suit of the owner.

APPEAL from Platte county. Heard below before GEORGE W. POST, J., confirming report of W. H. Munger, referee.

*W. S. Geer*, for appellant, cited: *Paul v. Detroit*, 32 Mich., 108.   *Mahoney v. Spring Valley*, 52 Cal., 159.

*Marquett & Deweese* and *Whitmoyer, Gerrard & Post*, for appellee.

LAKE, CH. J.

This action was commenced for the purpose of enjoining statutory proceedings taken to condemn a lot in the city of Columbus, belonging to the plaintiff, to railroad uses. The material facts on which the right to this relief is claimed are precisely similar to those presented in the case of *Dietrichs v. The Lincoln and Northwestern Railroad Company*, 13 Neb., 361, and, as we adhere to what is there decided, but little need be said here.

The point chiefly relied on and discussed by counsel for the appellant is that of the authority by which the condemnatory proceedings were resolved upon and commenced. It is said that the defendant never determined that the lot was required for railroad purposes, nor directed that the proceedings to condemn it be taken, but that these things were done, if at all, by its lessee, the Burlington and Missouri River Railroad Company, and that therefore, although apparently regular and valid, are in reality void. This position is not well taken, and cannot be sustained. Under the circumstances shown in evidence to the referee, the fact that the condemnation of this lot was first determined upon and directed by the management of the lessee company was eminently proper. That company, with its practically perpetual lease, and in view of its system of roads, was probably in a situation enabling it better to know the present, and correctly anticipate the future, needs of the road in the matter of depot grounds than the defendant possibly could. Besides, the lessee must have been quite as deeply interested in the matter as it was possible for the defendant company to have been.

Referring to the lease in question, we find that it puts the entire business and management of the defendant company practically in the hands of the lessee. About all that remains to it is its bare corporate existence, which seems to have been continued only *ex necessitate rei*, and for the purposes and benefit of the lessee. It transferred to the Burlington and Missouri River Railroad Company "all of the property and franchises" which the defendant company then owned or might acquire, and provided that the latter should "do and perform any and every corporate act which may be necessary, useful or appropriate" to secure to the lessee "the full enjoyment of every franchise, right, easement, power, and privilege" which it then possessed or might thereafter acquire, and that for this purpose it would "maintain its corporate existence."

That such an arrangement was warranted by our statute respecting the leasing of railroads does not seem to be questioned. It is provided that one railroad company "may lease or purchase any part or all of any railroad constructed by any other company * * * upon such terms and conditions as may be agreed on between said companies respectively."

The terms of this lease, fairly construed, certainly permit the lessee, within any reasonable limit, to dictate as to the necessities of the road in the matter of the condemnation of property to its use. Besides, it must be borne in mind that there is no disagreement between the two companies respecting this matter. They are in full accord, and the action said to have been taken at the instance of the lessee in the name of the lessor, is fully endorsed and defended by the latter.

On the whole we are of opinion that the finding of the referee, to the effect that the condemnation proceedings were properly undertaken and conducted, and that there is no equity in the plaintiff's case, is fully supported by the evidence and the law. Our views upon several other questions

presented in the record may be found in the case against this defendant above cited. The judgment of the district court dismissing the case for want of equity was right and will be affirmed.

JUDGMENT AFFIRMED.