## OREGON SHORT LINE R. CO. v. DENVER & RIO GRANDE WESTERN R. CO.

No. 7701.   Decided November 23, 1951.   (237 P. 2d 829.)

See 29 C. J. S., Eminent Domain, sec. 26. Railroad crossings. 44 Am. Jur., Railroads, secs. 283 et seq.

*Van Cott, Bagley, Cornwall, & McCarthy,* Salt Lake City, for appellant.

*Bryan P. Leverich, M. J. Bronson, A. U. Miner, Howard F. Coray, D. A. Alsup,* Salt Lake City, for respondent.

CROCKETT, Justice.

The plaintiff, Oregon Short Line Railroad Company (O. S. L.), brought this action to condemn a right-of-way across the tracks of the Denver and Rio Grande Western Railroad Company (D. & R. G.). Judgment was for the plaintiff. Defendant appeals.

The tracks of the defendant D. & R. G. run in a north-easterly-southwesterly direction and cross Third West Street between 15th and 16th South in Salt Lake City; the tracks of the O. S. L. run in a north-south direction but heretofore went only to Ninth South. Plaintiff desires to extend this trackage southward along. Third West Street, where the street has been opened, and to proceed on south along what would be a projection of said street, to service industrial establishments in the area south toward Twenty-First South Street in Salt Lake City. To accomplish this necessitates the crossing of the tracks of the D. & R. G. at about Third West and between 15th and 16th South.

Defendant opposes the condemnation of the right-of-way sought by plaintiff. The objection it raises is that the plaintiff has no right to condemn this property for public use because it is not operating its railroad and therefore has lost its status as a common carrier. The O. S. L. was a common carrier operating a railroad system prior to January 1, 1936. Defendant does not question that if it were so operating at present it would have the right to condemn this property. Its present position is based upon the fact that since January 1, 1936, the O. S. L. has leased its entire railroad facilities to the Union Pacific Railroad which operates the same as lessee. Except for the operation of the railroad system by the Union Pacific as lessee, it must be conceded that the plaintiff does not operate its railroad system. The only officers the O. S. L. has in the State of Utah are the general manager at Salt Lake City, who holds a like position with the Union Pacific, and a director who is also a director on the Union Pacific Railroad. The officers and directors of the O. S. L. and of the Union Pacific are substantially identical.

The question then is: When a common carrier leases its entire properties and the operation thereof to a lessee, does such carrier retain its status as a common carrier so that it can condemn property for public use?

The authorities indicate that the lessee becomes in effect a substitute or agent for the lessor in carrying on those functions, and the lessor does not lose its identity nor its rights as a railroad to condemn land that may be necessary in the performance of its public service as a common carrier. A case in point is *Whitman* v. *Northern Central Ry. Co.*, 146 Md. 580, 127 A. 112, wherein the Northern Central Railroad had leased its entire properties to the Pennsylvania Railroad Company, and the question arose whether the lessor railroad continued to be a common carrier. After reciting that the contention was that since the actual work of transporting persons and property was performed by the lessee, the lessor lost its status as a carrier, the court proceeded to discuss the duties of the plaintiff lessor to see that the common carrier service was rendered in an adequate and efficient manner and concluded that the lessor retained its status and rights as a common carrier.

The facts of *State ex rel. Trimble* v. *Superior Court*, 31 Wash. 445, 72 P. 89, 95, are so similar to the case at bar that in principle there can be no distinction. There the Seattle and Montana R. R. Co. sought to condemn lands for trackage and terminal buildings. The plaintiff railroad had leased its properties to the Great Northern Railway Company which was operating the same. We quote from the opinion:

"It is also objected that the respondent the Seattle & Montana Railroad Company has no right to condemn this property for the purposes indicated in its petition, because it appears from the evidence that it has no rolling stock of its own, does not operate its road, * * *."

And concludes:

"* * * if it be true that said company has leased its railroad to the Great Northern Company, or any other commmpany or companies, * * * it is not thereby precluded from condemning and appropriating private property for a public use * * *."

Another such case is that of *Robertson* v. *Brooksville & Inverness Ry.*, 100 Fla. 195, 129 So. 582, 584, an action by a railroad to condemn private property. The court said:

"It is well settled that a railroad company which has leased all its property and franchises can exercise the right of eminent domain for the acquisition of property necessary to the operation of the road by its lessee. Elliott on Railroads (3d Ed.) § 1202, and cases cited. And in New York it has been held that this principle is applicable even where the lease is for the period of the entire life of the corporation. *Matter of New York, Etc., R. Co.*, 99 N. Y. 12, 1 N. E. 27."

Other authorities to like effect are the following: *Beckman* v. *Lincoln & N. W. R. Co.*, 79 Neb. 89, 112 N. W. 348; *Snyder* v. *Baltimore & Ohio R. Co.*, 210 Pa. 500, 60 A. 151; *In re Metropolitan E. Ry. Co.*, Sup., 2 N. Y. S. 278; *Chicago & Western Indiana R. Co.* v. *Illinois Central R. Co.*, 113 Ill. 156; *Dietricks* v. *Lincoln & N. W. R. Co.*, 13 Neb. 361, 13 N. W. 624; *Riden* v. *Philadelphia B. & W. R. Co.*, 182 Md. 336, 35 A. 2d 99.

Notwithstanding the fact that respondent Oregon Short Line Railroad Company has leased its entire railroad properties to a lessee which operates its railroad system, it is still charged with the responsibility of seeing that its duties as a common carrier performing a public service are carried on in an efficient and satisfactory manner. Under the principles set out in the authorities above referred to, the trial court correctly ruled that it did not lose its status as a common carrier and that it could maintain this action for condemnation. Judgment is affirmed. Costs to respondent.

JAMES H. WOLFE, C. J., and WADE and McDONOUGH, JJ., concur.

HENRIOD, Justice (concurring in the result).

The public purpose for which condemnation was sought in this case seems to have been justified by the record. However, Utah has declared that all railroad companies

are common carriers that are required to receive and transport passengers and freight. Utah Const. Art. XII, Sec. 12. If, after incorporation, they fail to have their lines in full operation within prescribed time their franchises become forfeit. 77-0-4, U. C. A. 1943. They are required to run their trains in accordance with published schedules, 77-0-16, and to receive and discharge passengers, 77-0-17. Their employees are even required to wear identifying insignia, 77-0-20. It would seem, therefore, that the statutory conception of a railroad in this state is one that contemplates a vital going concern,—a corporate personality using tickets, time-tables, tracks and trains, none of which plaintiff has used since 1936. True, it has had a manager, whose duties seem to have been confined to signing leases and attending to administrative matters. The sanctity of the sovereign right of eminent domain is such as to preclude the indiscriminate use of such right, and the person seeking the invocation thereof should be examined and scrutinized with utmost caution. In the light of our statutory injunctions mentioned above, it seems illogical that the plaintiff, admittedly not operating its railroad system except through a lessee, as pointed out in Justice Crockett's opinion, should be cast in a chameleonic role where it can condemn but not conduct. Had the Union Pacific, its lessee, been joined as a party, the conclusion reached in this case would have been less troublesome in the opinion of the writer.