Nov. Term,
1845.

Shiel
v.
Ferriter.

*I. H. Kiersted*, for the plaintiff.

---

### Shiel v. Ferriter.

A suggestion in a *scire facias* for execution against real estate on a justice's transcript, that it was made known to the justice that the defendant had lands in the county subject to execution, is sufficient after trial and judgment for the plaintiff.

Proof in such case that the defendant was living on forty acres of land in the county, claiming the same as his own, is *prima facie* evidence that he was the owner of the land.

A trial in such suit without an issue is erroneous.

That the justice's transcript was filed in the clerk's office and recorded, is a material averment in such *scire facias*, and, if denied, must be proved.

Wednesday,
December 17.

ERROR to the *Hamilton* Circuit Court.

Dewey, J.—*Scire facias* on the transcript of a justice's judgment and proceedings for execution against real estate. The writ alleges the rendition of the judgment by the justice; the issuing of an execution thereon, and the return of the same "no goods found;" the filing in the clerk's office and the recording of a certified transcript of the justice's judgment and proceedings. It also contains this suggestion, namely, "Whereas, also, it has been made known to the justice, that said *Patrick Shiel* (the defendant) has lands and tenements subject to execution, in *Hamilton* county." The parties appeared and went to trial before the Court, without

any answer whatever to the *scire facias* appearing of record. The plaintiff produced a certified transcript of the judgment and proceedings of the justice as it is alleged in the *scire facias*, (but it did not appear that the transcript had been filed in the clerk's office or recorded). He also proved that the defendant was, at the time of the trial, and had been for five years before, living on forty acres of land in *Hamilton* county, claiming it as his own. The Court gave a judgment of execution in favour of the plaintiff.

Nov. Term, 1845.

SHIEL
v.
FERRITER.

- It is contended by the plaintiff in error, that the *scire facias* is defective for not containing a sufficient suggestion, that the defendant had land subject to execution at the time of the issuing of the writ; and, also, that the proof of his ownership of land was not sufficient.

The statute now in force is, that a *scire facias* upon a justice's transcript to bind real estate, shall contain a suggestion that the judgment-debtor has lands or tenements within the proper county, liable to execution; and that such suggestion shall be supported by satisfactory proof, or, on failure thereof, judgment of nonsuit shall be entered. R. S. 1843, p. 888. Had there been a demurrer to the *scire facias*, perhaps the allegation respecting the defendant's ownership of land would not have been sufficient; but after trial and judgment, we think the objection to the form of the suggestion comes too late.

As to the proof of the defendant's ownership of land, evidence that he was in open possession of real estate, was *prima facie* enough to show that he was the owner.

The judgment must, however, be reversed. There was a trial without an issue, which was erroneous. But had all the material allegations of the *scire facias* been at issue, the result must have been the same. The writ properly contains an averment that the justice's transcript was filed in the clerk's office and recorded. Of this averment there was no proof. The evidence, therefore, was not sufficient to authorize the judgment of execution.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. W. Wick* and *L. Barbour*, for the plaintiff.