May Term,
1846.

Dunn
v.
Hall.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. *Lockhart*, for the plaintiff.

C. I. *Battell*, for the defendant.

---

Dunn and Another *v.* Hall.

8b 32
126 571
8b 32
134 176

If a writ against *A.* and *B.* be returned served on *A.* and "not found" as to *B.*, and another writ issue to be served on *B.*, the second writ should show that it is in the same suit with the first.

Where one of two defendants in a suit for a libel pleads the general issue, and the other on whom process has not been served does not appear, or does appear but there is no issue or default as to him, a joint judgment cannot be rendered against the defendants.

If a jury in such suit agree that each juror shall write down the sum he is willing to assess as damages, that the aggregate shall be divided by twelve, and the result shall be the verdict, their verdict so obtained will be erroneous. *Aliter,* if they do not agree to be bound by the result.

Affidavits of jurors, or of a party as to the jurors' statements, are inadmissible to impeach their verdict.

*Wednesday,*
*May 27.*

APPEAL from the *Dearborn* Circuit Court.

Perkins, J.—*Hall* brought an action on the case against *Dunn* and *Watts* for a libel. The summons was served on *Watts* and returned "not found" as to *Dunn*. *Watts* appeared and pleaded separately the general issue, and the cause was continued. In vacation, another summons issued against *Dunn*, and was duly served, requiring him to appear at the next term of the Court to answer *Hall* in an action for a libel. At the term to which the cause was continued and the second writ returnable, there was a trial by jury, verdict for the plaintiff, and, after motions for a new trial and in arrest of judgment overruled, a joint final judgment against the defendants.

This judgment is said to be erroneous on two grounds: 1. That it was rendered against *Dunn* without his having had notice of the suit; and 2. That the verdict in the case was void on account of the misconduct of the jury.

The writ, issued in vacation and served upon *Dunn*, made

no reference to the joint action in which he was impleaded with *Watts*, and must therefore be regarded as in another action. *Godfrey et al.* v. *M'Culloch*, 5 Blackf. 178. It, consequently, was no notice to *Dunn* of the present suit. The counsel for the appellee insist, that this objection has been obviated by an appearance by *Dunn* to the action in the Court below; and claim that such appearance is established by the fact, stated in the bill of exceptions, that an attorney of the Court, on the trial, participated in the defence on his behalf. It does not appear who this attorney was, nor whether his acts in the premises were authorized by, or known to *Dunn*, and he did not assume to enter his appearance upon the record. Under such circumstances, we cannot regard the act of the attorney as constituting an appearance on the part of *Dunn*, and should we, it would not aid the case for the appellee, for if *Dunn* appeared, it was error to proceed to trial till after issue joined, or till he was in default in forming it. *Shiel* v. *Ferriter*, 7 Blackf. 574.

The alleged misconduct of the jury is shown by the affidavit of *Richards*, the constable, who had them in charge and was with them in their room during the whole of their deliberations. It states in substance that the jury, on arriving in their room, agreed that each should place upon a ticket the amount he was willing to assess in damages, that the several sums should be added together, divided by twelve, and that the quotient should be the verdict; and that it was found accordingly. The law is well settled that in actions for unliquidated damages, the jury may adopt the process resorted to in this case, to obtain a medium sum to be submitted as a proposition for a verdict; and it is equally well settled that it must not be adopted pursuant to an agreement to be bound by its result. *Harvey* v. *Rickett*, 15 Johns. 87.—*Dorr* v. *Fenno*, 12 Pick. 521. That there was such an agreement in this case, the affidavit of *Richards* establishes; but the counsel contend that it was abandoned before the finding of the verdict, and to support this position, rely upon a slight variance between the quotient obtained as above specified and the verdict—the one being 718 dollars, the other 700 dollars.

In the absence of proof showing how the fraction came to

May Term, 1846.

DUNN
v.
HALL.

be omitted, we should regard the sum in itself too trifling to indicate any departure from the principle by which the jury had agreed to determine the amount of damages; but there is some proof going to rebut the presumption of such departure. *Richards* says, the twelve tickets having been placed in a hat, were drawn out, the sums on them transcribed upon a piece of paper, added, and divided by one of the jurors, and the result returned as the verdict, "dropping," using his own language, "a small fraction as appears by the tally paper," of which he took possession on the jury retiring from their room, and which is made a part of his affidavit. It appears to have been only by inspecting this "tally paper," that the constable discovered that a fraction had been "dropped;" and the clear inference from his statement is, that none of the jury except the one who made the calculation and wrote the verdict, was apprised that a fraction resulted from the process by which the verdict was found.

Affidavits of some of the jurors, and of *Watts* to their statements, were also introduced below to prove the same facts, but they were inadmissible. *Drummond* v. *Leslie*, 5 Blackf. 453.

It is proper to remark that the plaintiff also, on the hearing of the motion for a new trial, introduced the affidavit of one of the jurors to sustain the verdict, but as it does not materially contradict *Richards*, we have passed it without comment.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*A. Lane*, for the appellants.

*J. Ryman* and *P. L. Spooner*, for the appellee.