May Term, 1846.

NEELY
v.
CHINN.

## NEELY v. CHINN.

Although a suit be commenced in a justice's Court, the defendant cannot have the benefit of the plea of *non est factum* unless it be pleaded and sworn to.

A trial without an issue is erroneous.

Evidence tending to show the failure of consideration of a bond sued on, is inadmissible under the plea of *non est factum*.

Wednesday, June 3.

ERROR to the *Blackford* Circuit Court.

PERKINS, J.—This was an action commenced before a justice of the peace by *Neely*, assignee of *J. S. Buckles*, against *Chinn* on a note under seal dated *January* 12, 1842, and payable in good cash notes nineteen months after date.

Judgment before the justice for the defendant. Appeal; trial by the Court; and the judgment of the justice affirmed.

After the plaintiff had closed his testimony in the Circuit Court, the defendant offered in evidence a bond of the same date with the note sued on, executed by *Buckles*, the assignor of the note, and conditioned that he would faithfully discharge his duty as an attorney for *Chinn*, in an action of ejectment by the commissioners of *Blackford* county against *Chinn* for certain lands described in the condition, provided the suit should be brought, and that said *Buckles* would defeat the action, or, on failure to do so, would deliver to *Chinn* a certain writing obligatory of even date with the bond, calling for fifty dollars in good cash notes, and would also pay *Chinn* the further sum of thirty-five dollars in like good cash notes. The plaintiff objected to the evidence, but his objection was overruled and the evidence received.

The Court erred in admitting the evidence. The note on which the suit was brought was under seal and not payable in money. The suit therefore, though commenced before a justice of the peace and without being particularly named, must be regarded as an action of covenant, that being the proper form of action upon such an instrument. 1 Blackf. 230, 233, 294. There was no plea filed, and the statutory provision giving the benefit of the general issue when not pleaded does not apply, as in covenant the general issue is *non est factum*, which cannot regularly be pleaded unless verified by oath. In this case, there was therefore a trial without an issue which is erroneous. *Shiel* v. *Ferriter*, 7 Blackf. 574.—*Dunn et al.* v. *Hall*, at this term.

But had the general issue been pleaded, still it would have been erroneous to receive the evidence. It was not admissible under that issue. It required a special plea.

It is not necessary that we should decide the question as to the sufficiency of the evidence on the part of the defendant, as it was not legally before the Court. We may however suggest a doubt, whether, without additional facts, it makes out a defence. It was proved that the suit named in the bond above mentioned had not been brought, and no breach of its condition was shown. The time for the performance of the act required by it is entirely uncertain, and

may never arrive; till it does, it is not shown in this case how the bond could be made the foundation of an action, or the ground of defence to this suit.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith*, for the plaintiff.