## WEIRICK *v.* HOOVER.

Where there is a misjoinder of counts, the defect may be cured by amendment.

If a declaration contain two counts, and there be a plea to one and an issue in fact thereon, and the other be unanswered, a general verdict for the plaintiff (the record not showing to which count the evidence was applied) cannot be sustained.

Debt on a note as follows: " *Logansport, December* 18, 1838. Due *John Hoover* 717 dollars and 68 cents, to be paid as soon as it can be collected by bringing suits on the notes and accounts that were taken for flour and provisions. *Henry Weirick.*" The plaintiff proved that in *December,* 1839, the defendant agreed to give a new note, payable one day after date, in place of the above, if the plaintiff would throw off the interest thereon. He also proved that the note sued on was given for flour, &c., which the defendant had sold on commission. *Held,* that the plaintiff might then prove that the sale of the flour, &c., was to be for cash only. *Held,* also, that the note sued on might draw

May Term,
1847.

WEIRICK
v.
HOOVER.

Thursday,
May 27.

interest before the claims mentioned in it were collected. *Held*, also, that the defendant's offering to give a new note as above stated tended to show that said claims had been collected.

ERROR to the *Cass* Circuit Court.

PERKINS, J.—Debt. The declaration contains eight counts. A part of them are special, each describing a promissory note; the remainder are the common counts. Upon the first, second, third, fourth, fifth, and seventh counts, the allegations of the parties resulted in issues of fact. To the sixth count there was a demurrer, and the eighth was unanswered. Leave was given to the plaintiff to amend his declaration. The cause was tried by a jury and a verdict returned for the plaintiff. New trial refused. Judgment on the verdict.

Several objections are urged to the proceedings in the Circuit Court, the first of which raises the question whether a misjoinder of counts in a declaration is curable by amendment? The authorities are that it is. *Drummond* v. *Dorant et al.* 4 T. R. 360.—*Jennings* v. *Newman, Id.* 347.—1 Chitt. Pl. 237 (1.)

It is next objected that there was a trial without an issue. As the eighth count in the declaration was unanswered, if evidence was given on that count, then, as to it, there was a trial without an issue, and such a proceeding has been held erroneous by this Court. *Shiel* v. *Ferriter*, 7 Blackf. 574. *Dunn* v. *Hall, May* term, 1846. As there is nothing to show to which count the evidence was applied, and the finding of the jury in the case was general, we are unable to except it from the operation of our former decisions, and shall be compelled for this cause to reverse the judgment.

Objections are also made on account of testimony admitted, and instructions given and refused.

To determine upon these objections, it is necessary for us to look at the cause of action to which the supposed illegal evidence, and the instructions given and refused, related. It is as follows: "*Logansport, December* 18, 1838. Due *John Hoover* 717 dollars and 68 cents, to be paid as soon as it can be collected by bringing suits on the notes and accounts that were taken for flour and provisions. *Henry Weirick.*" In reference to this note the plaintiff introduced a witness who

May Term,
1847.

WEIRICK
v.
HOOVER.

stated that in *December*, 1839, the defendant agreed to give a new note, payable one day after date, in place of the above, if the plaintiff would throw off the interest thereon. He also stated that the note sued on was given for flour, &c., that the defendant had sold on commission. He was then asked how, by the agreement between the plaintiff and defendant, the said flour, &c., were to be sold? The counsel for the defendant objected to any answer to this question, but the Court overruled the objection, and directed the witness to respond. He stated they were to be sold for cash only.

We see no error in the admission of this evidence. The note in suit was payable as soon as the notes and accounts the defendant held for flour, &c., could be collected. It was important, therefore, to know how soon after the giving of that note those collections could be made. That would depend, in part at least, upon the time at which those claims became due. That was a matter peculiarly within the knowledge of the defendant; and if it was necessary for the plaintiff to prove it, he may have been compelled to do so by circumstantial evidence. The fact that the defendant was to sell for cash only, would be a circumstance which might aid the jury in determining the probable credit given on the sales out of which grew the notes and accounts mentioned.

The defendant asked the Court to give the jury this instruction: "That interest could not be allowed on the note in suit, till after the notes and accounts mentioned therein had been collected." The instruction was rightly refused. The note in suit was payable, not when the other claims mentioned *were*, but as soon as they *could be* collected; and therefore the note sued on might draw interest before those other claims *were* collected.

The Court gave the jury the following instruction: "The offering by the defendant in *December*, 1839, to give a new note one day after date, is a circumstance tending to show that the claims which constituted the consideration of that note had been collected." We see no objection to the instruction.

It is further objected that the jury allowed too much interest, but we are not satisfied of that fact.

May Term,       *Per Curiam.*—The judgment is reversed with costs.
1847.       Cause remanded, &c.

KISER           *D. D. Pratt*, for the plaintiff.
v.
RUDDICK.        *W. Wright*, for the defendant.

(1) "When a declaration is ill for misjoinder of causes of action, the plaintiff may, with leave of the Court, amend it on payment of costs, by *striking out* one or more of the counts, and thus leaving upon the record but one count, or such only as are rightly joined. And if the declaration has not been demurred to, he may also cure the mistake by entering a *nolle prosequi* upon one or more of the counts." Gould's Plead. 221.