Davis v. Melvin and Another.

The party alleging error must show error, or it will be presumed the Court
did right.

The provision of section 248, chapter 40, of R. S. 1843, that if either party
shall call more than three witnesses to prove the same identical fact, such
party shall pay the cost occasioned by such additional number, is gene-
ral, and applies where witnesses are called to impeach the credibility of
other witnesses.

Wednesday,      ERROR to the Lawrence Circuit Court.
July 5.
SMITH, J.—Davis, the plaintiff in error, sued Melvin and
Boss, in an action of trespass. Upon a motion for a new
trial, one of the reasons filed, was:

"That the defendants, during the progress of the
cause, treated some of the jurors trying the cause to
spirituous liquors."

In support of his motion, and to establish the fact of
such treating, "the plaintiff proposed and offered to ex-
amine orally, on oath, Philip Ruter and William Pro, to

which the defendants objected. The objection was sustained by the Court, and said witnesses were not permitted to be sworn," with a view to such oral examination. This is the only error assigned by the plaintiff.

The record shows nothing to authorize the conclusion that the Court erred. The persons whom the plaintiff wished to have sworn, may not have been competent witnesses. The party alleging error must show error, or it will be presumed the Court did right. It is, therefore, unnecessary to decide in this case, whether, as a rule of practice, oral testimony should be received of such facts, in support of a motion for a new trial (1).

It also appears that, upon the trial, the defendants excepted to a decision of the Court in the taxation of costs, which they now assign as error. One *McDonald*, being examined as a witness on behalf of the plaintiff, the defendants called and examined fifteen witnesses to impeach his credibility; and the Court, on motion of the plaintiff, ordered the costs of all but three of these witnesses to be taxed against the defendants.

The R. S. c. 40, s. 248, p. 718, provides, that, if either party shall cause more than three witnesses to be *subpœnaed* to prove the same identical fact, such party shall pay the whole costs occasioned by such additional number of witnesses. The provision is general, and we cannot say it is not applicable when the witnesses are called to impeach the credibility of other witnesses. As the record does not show the contrary, it must be presumed that the witnesses, in this case, all testified to the same identical fact.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Watts,* for the plaintiff.

*C. L. Dunham,* for the defendants.

(1) Affidavits of jurors, or of a party, as to a juror's statements, are inadmissible to impeach their verdict. *Dunn* v. *Hall,* 8 Blackf. 32. See *Drummond* v. *Leslie,* 5 id. 453, and *Ward* v. *The State,* 8 id. 102, on the same subject.