59  131,
153  137
59  131
48a  50
59  131
70a  555
59  131
72a  365
59    131
89a   767

## Illinois Central Railroad Company

### *v.*

## Jesse L. Able.

1. RAILROADS—*carrying passengers beyond the proper station.* If a railway passenger, holding a ticket entitling him to alight at a particular station, is carried past such station without his consent, and without being allowed a reasonable opportunity of leaving the train, he has an action against the company for whatever damages may have accrued to him for non-delivery at the place of his destination.

2. SAME—*where passenger leaves the train while in motion.* But if such passenger voluntarily leaps from the train when in rapid motion, or leaves it under circumstances which would necessarily or probably render such an act perilous, and receives bodily injury, he could not recover damages for the injury, because it would be the result of his own want of ordinary care.

3. Though in case the passenger is not allowed a reasonable opportunity to alight, there being a slight stoppage of the train, but he attempts to do so after the train has resumed its motion, but before the motion has become at all rapid, and the stepping from the train would not seem dangerous to a man of ordinary prudence and judgment, and nevertheless bodily injury follows, in such case the passenger would be entitled to recover damages for the injury,—the passenger having a right to construe the momentary halt of the train, at the station, as an invitation to alight, and in his attempt to make use of such opportunity when not attended with apparent danger, being chargeable with no appreciable negligence, in comparison with the flagrant breach of duty on the part of the company in neglecting to afford a reasonable opportunity to leave the train in safety.

4. JURY—*finding a verdict by compromise.* Where a jury in their retirement, in considering their verdict, as appeared from the affidavit of the officer having them in charge, after agreeing to find for the plaintiff, but

differing widely as to the amount of damages, agreed that each juror should privately write upon a slip of paper the amount of damages to which he thought the plaintiff entitled, and put the slip in a hat, and that the sum obtained by adding the amounts together and dividing by twelve, should be their verdict, which was done, and a verdict returned accordingly: *Held*, that while jurors may resort to such a process as a mere experiment, and for the purpose of ascertaining how nearly the result may suit the views of the different jurors, yet a preliminary agreement, that such a result shall be their verdict, will vitiate a verdict found under and by virtue of such an agreement; and although one of the jurors swore there was considerable consultation after the process, and that each juror agreed upon the result thus reached as his verdict, it was still regarded that the verdict had been found under the pressure of the agreement.

APPEAL from the Circuit Court of Effingham county; the Hon. H. B. DECIUS, Judge, presiding.

Mr. GEORGE W. WALL, for the appellant.

Mr. O. B. FICKLIN, JOHN SCHOLFIELD, and Messrs. WOOD & BARLOW, for the appellee.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

If a railway passenger, holding a ticket entitling him to alight at a particular station, is carried past such station without his consent, and without being allowed a reasonable opportunity of leaving the train, he has an action against the company for whatever damages may have accrued to him for non-delivery at the place of his destination. But on the other hand, if he voluntarily leaps from the train when in rapid motion, or leaves it under circumstances which would necessarily or probably render such an act perilous, and receives bodily injury, he could not recover damages for the injury, because it would be the result of his own want of ordinary care. Cases might occur, however, in which a reasonable opportunity to alight has not been given to a passenger, and where he attempts to do so after the train has resumed its motion, but before the motion has become at all rapid, and the stepping from the train would not seem dangerous to a man

of ordinary prudence and judgment, and nevertheless bodily injury follows; in such cases the passenger would be entitled to recover damages for the injury, because the railway company has committed a flagrant breach of duty, and the passenger is chargeable with no appreciable negligence. He has a right to construe the momentary halt of the train at the station as an invitation to alight, and to make use of the opportunity thus afforded where not attended with apparent danger, holding the company responsible if it does not furnish reasonable time to leave the train with safety.

The action of the court in giving, refusing, and modifying instructions, was in substantial accordance with these principles.

It is urged, that the verdict is not sustained by the evidence, but we refrain from the consideration of that point, as there is another upon which the case must be sent to another jury. It appears, by the affidavit of the officer having in charge the jury, that after agreeing to find for the plaintiff, they differed widely as to the amount of damages, and it was then agreed that each juror should privately write upon a slip of paper the amount of damages to which he thought the plaintiff entitled, and place the slip in a hat; that the amounts should then be added together, and their sum divided by twelve, should be the verdict. This was done, and a verdict returned accordingly.

It is true, a juror swears that there was considerable consultation after this was done, and that each juror agreed upon the result thus reached, as his verdict. He does not, however, deny that an agreement was made, such as is stated in the officer's affidavit, and we can not doubt it was that agreement which controlled the amount of the damages. The rule upon this matter is well settled. It is, that while jurors may resort to a process of this sort as a mere experiment, and for the purpose of ascertaining how nearly the result may suit the views of the different jurors, yet a preliminary agreement that such a result shall be the verdict, will vitiate a verdict found

under and by virtue of such an agreement. *Dunn* v. *Hall*, 8 Blackf. 32; *Dana* v. *Tucker*, 4 J. R. 487; *Harvey* v. *Rickett*, 15 J. R. 87.

This rule is so reasonable, as to need no comment.

As this verdict was evidently found under the pressure of such an agreement, the judgment must be reversed and the cause remanded.

*Judgment reversed.*