$37 \ \ 609$

THE VILLAGE OF PONCA, PLAINTIFF IN ERROR, V. JAMES CRAWFORD, DEFENDANT IN ERROR.

1. **Injuries to Person: NEGLIGENCE.** A stranger in an incorporated village after night-fall, passing along a public street between the post-office and one of the principal hotels, came to a break in the sidewalk. Instead of turning back, he endeavored to descend to the ground (a distance of about three feet), at the end of the sidewalk. In so doing in a careful manner, he fell upon a saw bench, which had been left on the ground at the end of said sidewalk, whereby he was injured. *Held,* Not guilty of contributory negligence.

2. **Evidence.** The rule as to proof of written intruments and records, *Held*, Not to preclude that of oral testimony of the existence of such instruments and records, preliminary to their introduction or proof of loss.

3. ———: ADMISSIBILITY. *Held*, Also, that the order of the admission of evidence is a matter of discretion with the trial court.

4. **Trial:** VERDICT. The jurors, on their retirement, proceeded to mark down the sum of damages, according to the opinion of each juror respectively, which several sums they added together, taking the gross sum as a dividend, taking their own number as a divisor, and agreed upon the quotient as the amount of their verdict, and returned it into court as such, without any agreement in advance of ascertaining such quotient. *Held*, That this method was within the rule of propriety, and not obnoxious to the law.

ERROR to the district court for Dixon county. Tried below before CRAWFORD, J.

*W. E. Gantt*, for plaintiff in error, on inadmissibility of evidence, cited: *Birdsall, Son & Co. v. Carter*, 5 Neb., 517. *Murphy v. Lyons*, 19 Id., 689. Contributory negligence. *Omaha Horse Railway v. Doolittle*, 7 Neb., 481. *Williams v. R. R.*, 2 Mich., 259. *City of Erie v. Magill*, 101 Penn. State, 621. Verdict. *Thomas v. Dickenson*, 12 N. Y., 364.

*L. S. Fawcett* and *A. E. Barnes*, for defendant in error, cited: *Grinnell v. Phillips*, 1 Mass., 541. *Shobe v. Bell*, 1 Randolph, 39.

COBB, J.

The cause was before this court on the record of a former-trial in the district court of Dixon county, when the judgment was reversed and the cause remanded for further proceedings, in case reported in 18 Neb., p. 551.

From the record now before us, it appears that, upon the

cause again coming up in the district court, the defendant on leave filed an amended answer. The plaintiff's cause of action, as set out in his petition, being for personal injuries suffered within the corporate limits of the defendant, village of Ponca, by the plaintiff falling off the end of an elevated sidewalk, over and upon certain obstructions there being, etc. The defendant, by its amended answer, denied that, at the time of the happening of the accident to the plaintiff, as set out in his amended petition, to-wit, on April 8, 1879, or at any time previous thereto, said defendant was a corporation. Defendant also alleged that the sidewalk upon which plaintiff claimed to have sustained injuries was built by one Samuel Gamble, who then and now owns the lot along which the same was constructed, and who built the same without authority from the defendant; and that the defendant never authorized said sidewalk to be built; that the defendant never, in any manner, exercised authority or jurisdiction over said sidewalk; that it never made, or had made, any repairs upon the same; that said sidewalk never was in line with, nor in any manner connected with, any sidewalk over which defendant at any time, or in any manner, exercised jurisdiction or control. Concluding with a general denial.

There was a new trial to a jury, which found for the plaintiff in the sum of $950. Defendant's motion for a third trial being overruled, plaintiff had judgment, and defendant again brings the cause to this court on error, assigning the following errors:

*First.* That the verdict is not sustained by sufficient evidence. .

*Second.* That the verdict is contrary to law.

*Third.* For error of law occurring at the trial, duly excepted to.

*Fourth.* The damages are excessive, appearing to have been given under the influence of passion or prejudice.

*Fifth.* For misconduct of the jury in this, to-wit: That

the verdict was arrived at by the jury, by each member marking a certain sum or amount, and then adding all of the twelve amounts together and dividing the aggregate sum thereof by twelve, and thus arriving at the sum of $950, which said sum they adopted as their verdict, all of which is more fully set out and substantiated by the affidavit and exhibit hereto attached.

*Sixth.* The court erred in refusing to give the sixth and seventh instructions asked for by defendant.

*Seventh.* The court erred in giving instructions number one, two, three, four, five, six, seven, eight, nine, ten, and eleven, asked for by plaintiff.

*Eighth.* The court erred in giving instructions number one and three, on its own motion.

*Ninth.* There were irregularities in the proceedings, in this, that said jury arrived at its verdict by adding twelve several amounts each, one given by each juror, and dividing the aggregate amount therefor, to-wit, $11,400, by twelve, and thus getting the sum of $950, which said last sum the said jury adopted and presented to the court as its verdict.

The first, second, and fourth assignments will be considered together. Under this head counsel for plaintiff in error, in their brief, insist that the facts, as stated by the plaintiff in his testimony at the trial, disclose contributory negligence on his part which should prevent his recovery. The act of the plaintiff, suggested as constituting contributory negligence, is that of not turning back and abandoning his walk along the sidewalk and street, when he discovered that the sidewalk did not continue on the same unbroken level. Whether a person of ordinary care and prudence, of the knowledge of and acquaintance with the streets and sidewalks of a village, or the want of either, which the plaintiff was shown to have possessed, would have turned back and abandoned his purpose in proceeding along the street on ascertaining that there was an apparent break in

the sidewalk, or would have continued his endeavor to proceed, is a question of fact for the jury, proper for their consideration and determination, under proper instructions. Such instructions were given, and I think their conclusion is fully justified by the evidence. Attention is called to the consideration of the condition of the finances of the defendant, in common with other villages in the early stage of their corporate existence, rendering a complete system of sidewalks impracticable. To this, it must be replied that, to be passable and safe, a sidewalk need not be wide, very permanently built, nor of costly material. Neither need it be continuous throughout the length of the street, but when one is built or suffered to remain on a part of the street only, its ends or termini must be so graduated to the natural level of the street as to permit pedestrians to safely pass from it, and without being obliged to climb down over obstructions. Furthermore, sidewalks in villages are not ordinarily built from the public finances, but by the abutting property holders in obedience to appropriate ordinance and by-laws. It must be conceded, then, that no amount of knowledge on the part of the plaintiff of the low state of finances of the defendant, or of villages generally, would be sufficient to charge him with legal notice of the defect in defendant's sidewalk, by reason of which he sustained the injury complained of. The evidence seems to leave no doubt that the sidewalk in question was built on the side of and projecting into the street from the line of an abutting lot, the position in which public sidewalks are placed, if at all. When this walk had been placed in that position, by whomsoever, or by whatever authority, and the village authorities had notice of it, or it had been built so long in that position that such authority ought to be presumed to have knowledge of it, the village would be equally liable as though the walk had been built by its express authority. Having carefully examined the evidence as to the nature and extent of the plaintiff's in-

juries, I fail to see that the damages allowed by the verdict are excessive or unjust.

As to the point raised by the first denial in the answer of defendant, its corporate existence at the date of the negligence complained of, the corporate existence *de facto* of the village of Ponca, at least since the year 1876, was sufficiently proved to sustain the verdict; such being the case, the erroneous admission of evidence tending to prove the regular incorporation of the village, even if such there was, would be error without prejudice.

As to the third assignment, it is sufficient to say that no error of law, occurring at the trial, is pointed out in the brief for our consideration.

The fifth and ninth assignments are to be considered together, that, for the misconduct and irregularities of the jurors in retirement, in marking down the damages respectively as a dividend, taking their own number as a divisor, and returning the quotient as their verdict, they acted improperly, and that a new trial ought to be granted, is to be considered in the sole light of the evidence of the jurors, Miller, Paul, and Bottorff, who disclosed the fact. On examination, they testified "that no agreement was made, prior to marking down the respective amounts, that the result should be their decision and constitute their verdict, but that several votes were afterwards taken, and that the marking down was not binding."

It has been held, with a large concurrence of opinion, that a showing that a verdict thus ascertained, without previous agreement to be bound by the result, is not alone sufficient to invalidate the finding (*Barton v. Holmes*, 16 Iowa, 252), and that if the specified means is adopted merely for the sake of arriving at a reasonable measure of damages, without binding the jurors by the result, it is no objection to the verdict. (*Dana v. Tucker*, 4 Johns., 487.)

In a like instance, in the case of *Harvey v. Jones*, 3 Humph., 157, it was held that a jury may make the ex-

periment with a view to ascertain what the amount will be, and if the amount gives satisfaction they may retain it as their verdict. But they cannot agree, before the amount is ascertained, that they will abide by it, and if they do, it is an error for which a new trial will be granted.

In the case of *Dunn v. Hall*, 8 Blackf., 32, the court say that, "the law is well settled that in actions for unliquidated damages the jury may adopt the process resorted to in this case, adding the amounts and dividing by twelve, to obtain a medium sum to be submitted as a proposition for a verdict; and it is equally well settled that it must not be adopted pursuant to an agreement to be bound by its result." The impropriety of this practice of addition, division, and the quotient, as a measure of damages, consists not in the method, nor the sum of the result, but in the prior agreement to be bound by it; and for the reason that this verdict is within the rule of propriety, and not obnoxious to it, the fifth and ninth assignments are overruled.

As to the sixth, seventh, and eighth assignments of errors of the court in refusing the sixth and seventh instructions offered by defendant, in giving the eleven instructions offered by plaintiff, and the first and third of its own motion, it is sufficient to state that in the former review of this case it was held that the rule as to proof of written instruments and records does not include oral testimony of the existence of such instruments and records, preliminary to their introduction or proof of loss; that the order of admitting evidence was discretionary with the court, and that an error on the trial without prejudice or disadvantage to the plaintiff in error was not one of sufficient gravity to reverse the judgment. These views are repeated; they dispose of the remnants of the case. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.