# Central Railroad & Banking Co. *v.* Miles.

*Action for Damages for Personal Injuries, by Passenger against Railroad Company.*

1. *Contributory negligence in stepping from car while in motion.*—Stepping from the platform of a railroad car while in motion, in the face of obvious danger, or when there is no reasonable necessity, real or apparent, constitutes such contributory negligence as will defeat a recovery for damages on account of injuries sustained; but, where it is shown, as in this case, that the plaintiff, a passenger, got up from his seat when the cars stopped at his station, and moved towards the door, and, being informed by the porter that the train, which had started again, and was moving at a speed of about three miles an hour, would not stop again, stepped from the platform to the ground, in the direction the train was

[Central Railroad and Banking Co. v. Miles.]

moving, fell and broke his arm, he is not guilty of contributory negligence as matter of law, but the question is properly submitted to the jury whether, under all the circumstances, his act was that of a reasonably prudent man.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Thos. J. Miles against the appellant corporation, to recover damages for personal injuries sustained by plaintiff on stepping from the platform of the defendant's cars, on which he was a passenger, being thrown to the ground, and having his arm broken. The accident occurred at Inverness in said county, on the 8th September, 1888; and the action was commenced on the 14th January, 1889. The pleas were, not guilty, and contributory negligence. The plaintiff recovered a judgment on verdict for $1,260. The defendant reserved a bill of exceptions on the trial, which purports to set out all the evidence adduced. The opinion states the material facts established by the evidence, and it is unnecessary to repeat them. The court charged the jury, on the request of the plaintiff, as follows: "If the jury believe from the evidence that the defendant knew plaintiff was a passenger on the train, and was to be carried only to Inverness; and that the train, when it reached Inverness, was not stopped long enough for plaintiff, with reasonable diligence, to have gotten off before it was put in motion; and that plaintiff, in attempting to get off, did no more than an ordinarily careful and prudent man would have done under like circumstances; and that the injury to plaintiff, if any, resulted from the fact that the train was in motion when he got off,—then the jury must find for the plaintiff." To this charge the defendant excepted.

The defendant requested the following charges in writing, and duly excepted to the refusal of each:

"1. If the jury believe the evidence, they must find for the defendant.

"2. If the jury believe from the evidence that, at the time plaintiff left his seat in the car, he got on the front platform of the car; and that at that time, and just before, the train was in motion; and that he remained on said platform, and was thrown therefrom, and injured as testified to, but had, as soon as he discovered that the train was in motion, sufficient time to resume his seat in the car, without being hurt; then they must find for the defendant, although they may

17

[Central Railroad and Banking Co. v. Miles.]

further find from the evidence that, if plaintiff had remained in the car, he would have been carried beyond Inverness.

" 3.   If the jury believe and find from the evidence that the train of cars was in motion, and the plaintiff jumped from the car while so in motion, and was thereby injured,—then their verdict must be for the defendant.

" 4.   The platforms of railroad cars are to be ordinarily used by passengers only for the purpose of getting on and off the cars, while such cars are not in motion; and if the jury believe from the evidence that the cars, on which plaintiff had been riding from Union Springs to Inverness, were in motion as testified to, and that plaintiff attempted to get off while the car was in motion, and was thereby injured; and that the agents and servants of the defendant did not know of his attempt to so get off, in time to prevent him; then their verdict must be for the defendant, although they may further find from the evidence that, if he had acted differently, he would have been carried by the train beyond Inverness.

" 5.   If the jury believe the evidence of plaintiff and his witnesses, their verdict must be for defendant.

" 6.   Railroad companies have the right to make reasonable rules and regulations concerning the conduct of passengers on its trains; and if the jury believe from the evidence that, at the time of the alleged injury to plaintiff, the defendant had made a rule forbidding passengers from riding on the platforms of the cars, such rule was a reasonable one; and if the jury believe from the evidence that such rule was posted on the doors of the passenger cars, plaintiff was required to observe such rule, although in fact he may not have known of its existence; and if the plaintiff, at or about the time of the alleged injury, got on the front platform of the car in which he had been riding, and asked the porter, or brakeman, whether they were going to stop, and was answered 'No,' or 'Not longer than we have;' and that plaintiff, after such reply, and whilst the train was in motion, attempted and did get off the train, and was thereby injured as testified to, their verdict must be for the defendant.

" 7.   Railroad companies have the right to make reasonable rules and regulations concerning the conduct of their passengers, and passengers are bound to comply with such rules and regulations; and if the jury believe from the evidence that, at or before the time of the injury testified to, the defendant did make, and have posted on the doors of its cars, a rule forbidding passengers from riding on its plat-

[Central Railroad and Banking Co. v. Miles.]

forms, such rule was a reasonable rule; and if the jury believe from the evidence that, on the 8th September, 1888, plaintiff was a passenger on its cars, and got on to the front platform of a passenger car while the train was in motion, and jumped, or got off from the platform to the ground, whilst the train was in motion, and was injured as testified to; then their verdict must be for the defendant, although in fact plaintiff did not know of such rule having been made and posted on the car in which plaintiff was a passenger.

"8. Passing over the platform, for the purpose of getting out of the train while it is in motion, is a violation of the rule forbidding passengers from riding on the platform.

" 9. An attempt by a passenger to get out of the car, while it is moving at the rate of two and a half miles an hour, is of itself negligence; and if the jury believe from all the evidence that plaintiff attempted to get off the train, and to the ground, while the cars were moving at the rate of two or three miles an hour, and was injured in consequence of getting off the train while so moving,—then such negligence did contribute to plaintiff's injury, and he can not recover."

The charge given by the court, and the refusal of the several charges asked, are now assigned as error.

NORMAN & SON, for appellant.—On the undisputed facts of the case, the plaintiff was guilty of contributory negligence in jumping from the car while it was in motion; and the court should have so instructed the jury, as matter of law. *Darcomb v. Buffalo Railroad Co.*, 27 Barb. 221; *Railroad Co. v. Bayliss*, 74 Ala. 150; *Biles v. Holmes*, 11 Ired. N. C. Law, 16; *Central R. R. & B. Co. v. Letcher*, 69 Ala. 106; *Thompson v. Duncan*, 76 Ala. 334; *Ricketts v. Street Railway Co.*, 85 Ala. 600; *Railroad Co. v. Hawks*, 72 Ala. 112; *Railroad Company v. Hendricks*, 26 Ind. 228; *Railroad Co. v. Swift*, 26 Ind. 459; *C. & W. Railway Co. v. Bridges*, 86 Ala. 448; 1 Amer. R. R. Cases, 389, and cases cited; *Robertson v. N. Y. & Erie Railroad Co.*, 22 Barb. 91; Boone on Corp., § 259.

TOMPKINS & TROY, and FLEMING LAW, *contra*, cited 2 A. & E. Ency. Law, 761-2; Shearman & R. on Negligence, §§ 6, 29-31; 11 Amer. & Eng. R. R. Cases, 134; *Garlick v. Dorsey*, 48 Ala. 220; *Matson v. Maupin*, 75 Ala. 312; *Blythe v. Water-Works Co.*, 11 Excheq. 781; *Kay v. Penn,*

*R. R. Co.*, 65 Penn. St. 269; *Strand v. Railroad Co.*, Mich., 28 Amer. & Eng. R. R. Cases, 213; 33 *Ib.* 515; 34 *Ib.* 469; 31 *Ib.* 45; *Peters v. Penn. R. R. Co.*, 30 *Ib.* 607, 612; 18 *Ib.* 182, 187-8; 43 Amer. Dec. 364; 52 Amer. Rep. 467; 61 Md. 53; 70 Penn. St. 357.

CLOPTON, J.—Contributory negligence is relied on to defeat the action, which is brought by appellee to recover for injuries alleged to have been caused by the mismanagement of defendant's train, on which he was a passenger, while in the act of leaving the train. The charges given and refused raise the inquiry, whether the attempt of plaintiff to step from a moving car, under the circumstances disclosed by the evidence, was, *per se*, negligence.

Undoubtedly cases do arise, in which the facts are so clearly established, and the inference as to the course dictated by ordinary prudence so certain and invariable, that it becomes the duty of the court to take the question from the jury. The *Central R. R. & Banking Co. v. Letcher*, 69 Ala. 106, is one of this class of cases. There, plaintiff was not a passenger; the train was moving from a regular depot on its accustomed journey, at the rate of five or six miles an hour; the persons in charge were ignorant that plaintiff was on the train; without request or effort to arrest its progress, he walked out of the car on the platform, and to the rear platform of the next car, descended the steps with his right hand filled with papers, and jumped off at a right angle, a manner "almost certain to cause him to fall." It was held that, under these circumstances, the court should have instructed the jury, plaintiff had no right of recovery. In *Ricketts v. Bir. St. Railway Co.*, 85 Ala. 600, it is said: "Stepping from a moving car, without necessity, when injury is caused thereby, which could have been avoided by remaining on the car—by the exercise of ordinary diligence—is negligence which will defeat a recovery because of prior negligence of the agents or servants of the company." This general observation had reference to a charge which instructed the jury, that plaintiff was not entitled to recover, if he was standing on the steps in front of the car, with a keg of lead in his hands, and undertook to step off while it was in motion, and such act was not that of an ordinarily prudent man, and he would not have been injured if he had remained on the steps; unless the injury was caused wantonly, recklessly, or intentionally. The question of negligence was

[Central Railroad and Banking Co. v. Miles.]

submitted to the jury; whether or not properly, was not presented or considered. Still, the principle of the decision is, that stepping from a moving car, under the circumstances hypothetically stated in the charge, is negligence. These cases, which are cited by counsel for appellant as supporting their contention, only declare the general proposition, that alighting from a car in motion, when the danger is obvious, or without, not absolute, but reasonable necessity, real or apparent, constitutes contributory negligence, and will defeat a recovery for injury caused thereby.

When the material facts are disputed, or, if clearly established, different inferences may be reasonably drawn therefrom, contributory negligence is a question of fact, exclusively within the province of the jury. This general rule is as applicable to the act of getting off a car in motion, as to other cases, unless the court is prepared to lay down an inexorable rule, that, except in the well settled instance of leaping under the impulse of alarm, excited by sudden exposure to great peril, to alight from a moving car is negligence in law in all cases, and under any circumstances.

The undisputed facts are: that plaintiff was a passenger, having purchased a ticket for transportation from Union Springs to Inverness, both being regular stations on defendant's road. When the train reached Inverness, it was stopped; and thereupon plaintiff promptly left his seat, and moved towards the front door of the car for the purpose of getting off. The train was started before he reached the door, and was moving when he passed out on the platform; and on being informed by a porter, who was standing on the steps, that it was not to stop, or not longer than it had stopped, plaintiff descended the steps, his left hand holding the side rail, and stepped off in the direction the train was moving. He knew there was a bell-rope to signal the engineer to stop the train; but did not pull the rope, as the train was running so slowly he did not think there was any danger. The conductor knew that plaintiff was a passenger, and that Inverness was his point of destination. There is some variance in the evidence as to the length of time the train was stopped, and as to the rate of speed. The evidence on behalf of the plaintiff tends to show, that the rate of speed was two and a half or three miles an hour, or, as one witness states, not more rapid than a fast walk; and on behalf of the defendant, that the rate was four or five miles an hour. It is conceded that plaintiff was injured in consequence of step-

ping from the car, and there is no serious controversy that the train was not stopped a sufficient time to allow plaintiff to get off.

In determining whether there was contributory negligence, the fact that there was a bell-rope, and plaintiff's omission to resort to it to stop the train, should not be selected, and accorded conclusive or controlling force; but only the weight to which it is entitled on a consideration of its connection with the other facts, and of the relative bearing and influence of all attendant circumstances, each upon the other. Another and material element of consideration is, the effect upon the mind of the plaintiff produced by the failure of defendant to discharge the unquestionable duty to stop the train long enough to permit him, by the use of due diligence, to get off with safety, and by starting it while he was in the act of leaving the train. By the fault or neglect of defendant's agents, he was placed in a situation that compelled him to choose between the delay, trouble and inconvenience of being carried beyond his stopping-place, and attempting to step off. The wrongful conduct of the company, whereby plaintiff was subjected to an election between two such courses to be pursued, must be taken into consideration.—*Johnson v. West Ches. & P. R. R. Co.*, 70 Pa. St. 357. There is a recognized distinction between the cases where the company is, and where it is not, in fault. The argument, that if plaintiff had remained on the train, he would not have been injured, and would have had a right of action for having been carried on, does not, under the circumstances of this case, evoke favorable consideration. Stopping the train at Inverness was tantamount to a direction to the plaintiff to get off, and an assurance that reasonable time would be allowed for that purpose.

The general rule, established by the weight of authorities, is, that where the train is stopped at a station to which the company contracted to carry a passenger, the company is liable, if a reasonable time to leave is not afforded, and he is injured in the attempt to alight after it is started, and while in motion, if he does not, in getting off, incur a danger obvious to the mind of a reasonable man.—2 Amer. & Eng. Encyc. Law, 762. But, notwithstanding the company may be in fault, a passenger is not justified, in order to avoid being carried beyond his stopping-place, to defy obvious danger, such as an attempt to jump from a train in rapid motion. But an attempt for such purpose is not negligence

[Central Railroad and Banking Co. v. Miles.]

in law, if the train was stopped, but not a reasonable time, and is moving so slowly that to alight from it would not appear dangerous to a man of ordinary prudence. The plaintiff may or may not have been negligent. Whether negligent or not depends upon the attendant circumstances—the manner in which he descended the steps of the car and stepped off, the rate of speed at which the train was running, the character of the ground, the situation, and other circumstances, if any, calculated to render the attempt dangerous.

As plaintiff was not at fault in starting to leave the train, the inquiry is, did he exercise ordinary care in stepping from the car after he discovered it was in motion. Under the circumstances disclosed by the evidence, this inquiry was properly submitted to the jury. Different minds may reasonably draw different inferences from the undisputed and the controverted facts.—*Strand v. Chic. & West Mich. R. R. Co.*, 28 Amer. & Eng. R. R. Cases, 213; *Doss v. M. K. & T. R. R. Co.*, 59 Mo. 27; *Jeff. R. R. Co. v. Hendricks*, 26 Ind. 228; *Penn. R. R. Co. v. Kilgore*, 32 Pa. St. 292; *Cen. R. R. Co. v. Able*, 59 Ill. 131; *Files v. N. Y. Cen. R. R. Co.*, 49 N. Y. 47; *Lambetti v. N. C. R. R. Co.*, 66 N. C. 494; 31 Amer. & Eng. R. R. Cases, 50; 43 Amer. Dec. 364; 2 Wood's Railway Law, 1130–1145.

Appellant further insists, there was contributory negligence on the part of plaintiff, consisting in riding on the platform while the train was moving, in violation of a regulation of defendant. In *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112, it was held, that such a regulation is reasonable, and that a passenger, who is injured while standing on the platform of a car in motion in violation of the regulation, can not maintain an action to recover damages for such injury. In that case, the plaintiff went on the platform when the whistle was sounded half a mile from the station at which he intended to get off, and remained thereon until the train passed the depot, when he was precipitated, or fell. In this case, plaintiff went on the platform for the purpose of getting off, after the train was stopped, and remained thereon only long enough to ascertain that it was not going to stop any longer. The platform is the only mode of egress from the car, and if there was no negligence in undertaking to get off, certainly it was not negligence to use the only means provided by the company for doing so. Plaintiff was not riding on the platform in the meaning of the regulation.

Affirmed.