CITY OF WAHOO v. ANGELINE G. REEDER.

[FILED OCTOBER 30, 1889.]

1. **Villages:** DEFECTIVE SIDEWALKS: LIABILITY. A person passing over a public sidewalk, in a village, which sidewalk was elevated from one to three feet above the ground, stepped into a hole in such walk and was permanently injured. *Held*, That a village was liable for such injury in the same manner as a city. (*Village of Ponca v. Crawford*, 23 Neb., 662.)

2. ——: ——: CONTRIBUTORY NEGLIGENCE. *Held*, That there was no proof of contributory negligence on the part of the plaintiff to submit to the jury.

ERROR to the district court for Saunders county. Tried below before MARSHALL, J.

*S. H. Sornborger,* and *E. E. Good,* for plaintiff in error:

Villages should not be held liable the same as opulent municipalities endowed with extraordinary powers. Defendant in error failed to use ordinary diligence to prevent the enhancement of the injury, and is guilty of contributory negligence. (*Potter v. Warner,* 91 Pa. St., 362 ; *Hibbard v. Thompson,* 109 Mass., 288; *Lyons v. R. Co.,* 57 N. Y., 489 ; *Hunt v. Gaslight Co.,* 1 Allen [Mass.], 349 ; 4 Am. and Eng. Enc. of Law, art. "Contributory Negligence," par. 39, N. 2.)

*G. W. Simpson,* for defendant in error:

Villages are, by our statute, given control of streets, alleys, and sidewalks, with power to collect taxes to maintain the same. (Comp. Stats., 1887, secs. 67*b*, 69, 77.) The execution of the power follows as a duty. (*Omaha v. Olmstead,* 5 Neb., 446.) A general grant of such power in a charter prevents its exercise by an individual. (*Noble v. Richmond,* 31 Gratt. [Va.], 271; *Barnes v. District,* 91 U. S., 540.) A village exercising such authority is liable without an express statute (*Kittridge v. Milwaukee,* 26 Wis., 46 ; *Prideaux v. Mineral Point,* 43 Id., 513; *Phelps v. Mankato,* 23 Minn., 277); and under such a statute is liable for failure to properly exercise the power. (Dillon, Mun. Corp., secs. 1012, 1017; *Studley v. Oshkosh,* 45 Wis., 380 ; *Furnell v. St. Paul,* 20 Minn., 117; *Rockford v. Hildebrand,* 61 Ill., 155.) The defense of contributory negligence, like any other, must be proved. (*Lincoln v. Walker,* 18 Neb., 244.) The carelessness of plaintiff

must operate *directly* to produce the injury complained of. (*Omaha·Horse Ry. Co. v. Doolittle,* 7 Neb., 481, and cases cited in plaintiff in error's brief.)

MAXWELL, J.

This action was brought in the district court of Saunders county to recover damages for personal injuries alleged·to have been received by the plaintiff in consequence of stepping into a hole in a defective sidewalk on Fifth street, in the village (now the city) of Wahoo.

The defendant answered, admitting its corporate existence, and that Fifth street was one·of its·principal streets, and denied any negligence on the part of the defendant, and alleged "that said alleged injuries, if any were sustained by the plaintiff, were caused by the carelessness and negligence of the plaintiff."

The reply of plaintiff denied negligence on her part.

The facts, as shown by the testimony, are substantially as follows:

Fifth street, in the city of Wahoo, is one of its principal streets, extending from and through its principal business street to the court house. A broad walk had been constructed on the south side of this street, and at about opposite block 152 the walk was elevated from the ground from one to three feet. The walk was old, full of holes, and had been in bad condition for some time. About the 9th day of January, 1886, the plaintiff, in going over the walk, which was at this time· partly covered with snow, stepped into one of the numerous holes therein and received the injury to her knee complained of.

Plaintiff returned to her home, made an examination of the injured knee, which was then paining her, and applied some liniment or other external remedy. There was no abrasion of the skin nor swelling to indicate the serious character of ·the injury. Soon afterwards a physician was

called, and from that time on such treatment of the injury was had as the various physicians who were called in the case prescribed. The plaintiff believed the injury an ordinary strain or bruise, and that it would soon get well. Nor did her medical attendants disabuse her mind of this belief until some time after the accident.

The plaintiff was not in the habit of traveling on the walk on Fifth street, and had no knowledge of its bad condition. The jury returned a verdict in favor of the plaintiff below for the sum of $950, and a motion for a new trial having been overruled, judgment was entered on the verdict. On the trial the plaintiff in error objected to the introduction of any testimony on the grounds that the petition did not state facts sufficient to constitute a cause of action, "For the reason that the defendant was, at the time of the wrongs complained of, only a *quasi*-corporation, created under the general laws of the state of Nebraska, without the consent, express or implied, of its citizens or any of them, and was and is but a political division of the state, and has no special powers, privileges, immunities, or rights not enjoyed by other citizens of the state, and has voluntarily undertaken no liabilities or obligations to the public or persons not enjoined by the laws of the state."

The objection was properly overruled.

A village is a municipal corporation, although of the lowest grade; but the duties imposed upon it of keeping its streets and sidewalks in a safe condition are the same as those of a city. Judge Dillon defines municipal corporations as follows: "Municipal corporations are bodies politic and corporate of the general character above described, established by law, to share in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town, or district which is incorporated." He also includes "within the term" villages, towns, and cities. (Id., sec. 10.)

At common law a municipal corporation is "an invest-

ing the people of a place with the local self-government thereof." (*Cuddon v. Eastwick*, 1 Salk. [Eng. K. B.], 192; *People v. Morris*, 13 Wend., 325–334; *People v. Hurlbut*, 24 Mich., 44–88; *Brinckerhoff v. Board of Education*, 37 How. Pr., 499; 4 Wait's Acts & Def., 595.) In *People v. Morris, supra*, 330, Nelson, J., in discussing the powers of municipal corporations, says: "What was the power thus conferred by the village charter? We answer that it was wholly political. Instead of prescribing at their discretion every duty to be performed, and forbidding every act to be avoided — in a word, directing the whole system of government to be observed and executed — the legislature have merely defined the outlines and leading principles, and conferred upon the inhabitants, within the bounds of the corporation, the power at discretion to fill up and carry them into operation."

The question here presented was before this court in *Village of Ponca v. Crawford*, 18 Neb., 551, and the village was held liable, although the case was reversed for error in the proceedings. That case was again before the court in 23 Neb., 662, and a verdict for $950 sustained. In the latter case the first point in the syllabus is as follows: "A stranger in an incorporated village, after night-fall, passing along a public street between the postoffice and one of the principal hotels, came to a break in the sidewalk. Instead of turning back, he endeavored to descend to the ground (a distance of about three feet) at the end of the sidewalk. In doing so, in a careful manner, he fell upon a saw-bench, which had been left on the ground at the end of said side walk, whereby he was injured. *Held*, Not guilty of contributory negligence." We adhere to that decision. The first objection is overruled.

Second — It is contended by the attorneys for the plaintiff in error that the defendant in error was guilty of contributory negligence, and that an instruction to that effect set out in the record should have been given.

The testimony tends to show that the serious nature of the injury was not known at the time the accident occurred, nor for some time afterwards. It was supposed at first to be a mere sprain which would cause no permanent lameness. So far as we can judge there seemed to be no cause for alarm as to the result of the injury until some considerable time after the accident, when it became apparent that there was danger of anchylosis of the knee joint. This result followed, notwithstanding the efforts of skillful physicians to avert it; there is absolutely no proof of negligence on the part of the defendant in error and no question to submit to the jury on that point.

The instructions given by the court cover the whole case, and it is apparent that substantial justice has been done. The judgment is therefore affirmed.

JUDGMENT AFFIRMED.

The other Judges concur.