THOMAS M. BELL v. CITY OF YORK.

[FILED MAY 6, 1891.]

1. **Instructions.** A judgment will not be reversed for the refusal on the part of the trial court to give a certain instruction, unless the law of such instruction is applicable to the evidence in the case.

2. **The evidence** examined, and *held*, to sustain the verdict and judgment.

ERROR to the district court for York county. Tried below before NORVAL, J.

*Montgomery & Giffen,* for plaintiff in error, cited: *Flinn v. Canton Co.,* 17 Am. Rep., 606; *Dooley v. Meriden,* 26 Id., 433; *Evans v. City of Utica,* 25 Id., 165; *Dewire v. Bailey,* 41 Id., 422; *Chicago v. Martin,* 49 Ill., 242; Maxwell, Pl. & Pr., 447; Hilliard, New Trials, 504; *Montgomery v. Wright,* 47 Am. Rep., 423.

*France & Harlan, contra,* cited cases referred to in opinion.

COBB, CH. J.

The plaintiff brought his action against the defendant, a corporate city of the second class, alleging that prior to to and on January 13, 1888, the authorities of said city negligently allowed snow and ice to accumulate and become downtrodden on the sidewalk of the west side of Lincoln avenue, in front of block 6, so as to become slippery and unsafe; that on the day mentioned, and at the place mentioned, without fault on his part, he slipped and fell and was injured, and his leg broken to his damage of $1,000.

The defendant denied these allegations, and set up that the injury complained of was the result of the carelessness and negligence of the plaintiff.

There was a trial to a jury with verdict for the defendant. A motion for a new trial was overruled and the cause comes to this court on the following errors:

1. In refusing to give instruction 5, asked by plaintiff.

2. The verdict is not sustained by sufficient evidence, and is contrary to the instructions of the court, at the request of the plaintiff.

The first error is the refusal to instruct the jury that "if they find from the evidence that the injury to the plaintiff

was the combined result of an accident, and the defective condition of the walk, and the plaintiff was in the exercise of ordinary care at the time of the injury, they should find for the plaintiff." From an examination of the record, there does not appear to have been evidence, given on the trial, of facts to support the theory that the injury to the plaintiff in error was the combined result of an accident, and the defective sidewalk of the defendant. Without such evidence to support the instruction, it was properly refused.

As to the second error, the testimony shows that there had been a heavy, continuous storm for several days to an extent that it was hardly possible for the city authorities to have kept the sidewalks clear of ice and snow; but on the 12th of January, the day before the accident, the testimony of various witnesses clearly shows that the sidewalk in front of block 6, on the west side of Lincoln avenue, where the casualty occurred, had been thoroughly cleaned off, and was in a comparatively good condition; that care had been taken to clean the walk, and shovel off the snow and ice which had necessarily accumulated there. It is admitted that the testimony of four witnesses, well acquainted with that location, supports this theory of the defense. The weight of evidence shows that during the last of December and the first of January of the winter season of '87 and '88, considerable snow had fallen, and several storms had occurred, so that the sidewalks generally could not be kept clean, and that on January 13 it began to snow in the morning prior to the plaintiff's accident, and the walks that day were covered with a recent fall of snow; but witnesses for the defense, who claim to know about the sidewalk, and the cleaning of it, testified positively that on the day before the accident, the walk on the west side of Lincoln avenue, where the injury occurred, was in a safe condition.

We are very much inclined to the opinion that the important question of fact as to the condition and reasonable

Bell v. City of York.

safeness of this walk was left to the careful consideration of the jury, and their instruction being neither partial nor unfavorable, and the jury having found against the plaintiff on the facts and the weight of evidence, the second error is overruled.

Whether a city is liable for the common accidents to its citizens through ice and snow on the sidewalks, will greatly depend on the circumstances of each particular case, but in most cases it is held, that to recover, there must be evidence of an obstacle attending the casualty other than mere slippery walks, that provoked the danger. (*Broburg v. Des Moines*, 63 Ia., 523; *Cook v. Milwaukee*, 24 Wis., 274; *Hill v. Fond du Lac*, 56 Id., 242; *Cloughessey v. City*, 51 Conn., 405; 8 Wait's Actions and Defenses, 408; *Nebraska City v. Rathbone*, 20 Neb., 289.)

The important question of the case was as to the condition of the sidewalks, in which testimony was clearly given on both sides of the controversy. The application for a new trial on cumulative testimony of this fact we think was properly overruled. (*Bolar v. Williams*, 14 Neb., 389; *Scofield v. Brown*, 7 Id., 224; *St. Louis v. State*, 8 Id., 415; *Halliday v. Briggs*, 15 Id., 222.)

The judgment of the district court is

AFFIRMED.

MAXWELL, J., concurs.

NORVAL, J., having tried the cause while presiding in the district court, did not sit.