CITY OF GRAND ISLAND v. HANNAH OBERSCHULTE.

FILED APRIL 26, 1893.   No. 5031.

1. **Municipal Corporations:** LIABILITY FOR FAILURE TO KEEP
   STREETS AND SIDEWALKS IN REPAIR: INSTRUCTIONS *set out*
   in the opinion *held* not calculated to mislead the jury, and that
   the verdict is sustained by the evidence.

2. **The verdict** conforms to the proof.

Error from the district court of Hall county.     Tried below before Harrison, J.

*O. A. Abbott,* for plaintiff in error:

The city is under no obligations to make its sidewalks *convenient;* is under no obligation to any private individual to lay down any walks.     The duty imposed upon it by law to repair streets, like its duty to light them, is a duty which courts cannot enforce, although a citizen may suffer injury from the non-action of the city. (*City of Freeport v. Isabell,* 83 Ill., 442; *City of Joliet v. Verley,* 35 Id., 58; *Sparhawk v. City of Salem,* 1 Allen [Mass.], 30; *Macomber v. City of Taunton,* 100 Mass., 255.)

*Thompson Bros.,* contra, cited: *City of Lincoln v. Walker,* 18 Neb., 250; *Palmer v. City of Lincoln,* 5 Id., 136; *City of Lincoln v. Smith,* 28 Id., 762; *City of Omaha v. Randolph,* 30 Id., 699.

Maxwell, Ch. J.

This is an action brought by the defendant in error against the plaintiff in error for damages caused by injuries received by her from a fall or sudden jar received while passing along the sidewalk on one of the streets in the city of Grand Island on the night of the 11th day of February, 1890.     This street had been graded during the fall of 1889, and in grading the same an embankment was left on the west side thereof over or through which a person would be compelled to cross in passing from the east to west along the sidewalk on the north side of Sixth street, which excavation was perpendicular, and as shown by the evidence, was at least from one and a half to two feet deep; that there were no guards, lights, or other protection to a traveler passing along and over the said excavation; that the rain and melting snow had deepened this

excavation so that at the time of the receiving of the said injuries the depression was at least two feet deep, and that the city had carelessly, knowingly, and negligently permitted the said street to remain in such dangerous condition; that on the night in question the defendant in error with her husband and a lady friend were passing along Sixth street, and on arriving at the said excavation the defendant in error, without knowing the bad condition of the street, stepped suddenly down in said excavation, the defendant in error receiving serious internal injuries caused by such sudden fall or jar. The night was extremely dark and there was nothing to warn the said defendant in error of the dangerous condition of the street, and she and each of her said companions being unacquainted with the street. The testimony also shows that prior to receiving the injury Hannah Oberschulte was a stout, able-bodied woman, able to do all her own work and work for other people, but from the time of receiving the said injury she was unable to work, the injury being of a permanent nature and was caused without any fault or negligence on her part. The cause was tried to a jury; verdict and judgment in favor of the said defendant in error for the sum of $1,000.

The ground assigned for a reversal of the case is that the court erred in giving instruction No. 7, which is as follows:

"You are further instructed that if you find from the evidence that the defendant did not exercise reasonable care and supervision over that portion of the street where the injury in question was alleged to have occurred, to keep it in good and safe condition, and by that means allowed it to become defective and unsafe, and if you further believe from the evidence that the plaintiff, in attempting to walk along that portion of the street, by reason of such defect, was injured and has sustained damage thereby, as charged in the petition, and that she was at the time exercising reasonable care and caution in walking on said

street, then the defendant is liable.   It is the duty of the defendant city to keep and  maintain its sidewalks in good repair for the safe use and the convenient use of the traveling·public walking and passing thereon; and if the city authorities, knowing that said street is defective and unsafe, or after having sufficient time in exercising of reasonable diligence or ordinary care to discover and repair the defect complained of, suffers it to remain in an unsafe condition, and if the plaintiff, while lawfully and in the exercise of ordinary care, passed over the said street in such unsafe condition, and was injured by reason of the defective condition of the said street, then the city is liable for her damages sustained at the time of such accident."

The objection in the plaintiff in error's brief is "that the city is under no obligations to make its sidewalks convenient."   The first definition of "convenient" given by Webster is, " fit or adapted to an end; suitable; becoming; appropriate."   Fit or suitable is probably the proper meaning as applied to a sidewalk.   This does not necessarily apply to any particular material out of which it is to be constructed, but it must be placed in such condition that people in the exercise of ordinary care will not in the night season fall into an excavation or place left in a dangerous condition.   It is evident that the instruction in question did not mislead the jury, and the verdict conforms to the proof.   The judgment is therefore

AFFIRMED.

THE other judges concur.