## CITY OF LEXINGTON v. HENRY C. FLEHARTY.

### FILED OCTOBER 5, 1905. No. 13,910.

1. **Res Gestae.** A declaration to be part of the *res gestæ* need not necessarily be coincident in point of time with the main fact proved; it is enough that the two are so clearly connected that the declaration can be said to be a spontaneous expression of the fact or condition.

2. Instructions examined, and *held* to have fairly stated the law applicable to the case; and the evidence examined, and found to have justified the submission of the case to the jury.

ERROR to the district court for Dawson county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*G. W. Fox* and *E. A. Cook,* for plaintiff in error.

*H. D. Rhea* and *H. B. Fleharty, contra.*

JACKSON, C.

The city of Lexington prosecutes error from the district court for Dawson county to reverse a judgment of that court against the city and in favor of the defendant in error. The parties will be designated as they were in the court below, the defendant in error herein being described as plaintiff, and the plaintiff in error as defendant.

Plaintiff's cause of action was based on a personal injury which he claims to have sustained by reason of a defective sidewalk. The statement in his petition, omitting the formal allegations, is, substantially: That Washington street, between Fifth and Sixth streets, is one of the main public thoroughfares and business streets in the city of Lexington, and is at a place where there is much travel, and that condition had existed for a long time prior to the injury complained of; that the sidewalk on the west side of the street at the place stated was built on supports running lengthwise of the street, with planks nailed thereon, six inches in width and twelve feet in length;

that by reason of the standing of water under the walk and improper supports the walk had settled in the center and remained in a swayed and sunken condition, and that thereby the ends of the planks had tipped up and were there higher than in the center of the walk; that for the reasons stated the walk had become defective and badly out of repair, and in a dangerous and unsafe condition, uneven on the surface; that some of the planks had been allowed to become loose and had remained loose for a long time prior to the injury, and that the defendant had neglected to keep the same in suitable repair and in a safe condition for travel thereon; that some of the planks had been removed, and left dangerous holes in the walk, and the planks that were remaining in their apparent places in such loosened condition were so concealed as to position that a person walking along on said sidewalk could not observe such condition without close inspection thereof, and the walk was thereby extrahazardous and dangerous to travel upon; that the city had actual and constructive notice of the defect in the walk at the time of the accident, and for a long time prior thereto; that by reason of not having the same repaired, and providing to warn persons passing over the same, it was guilty of want of proper care and of gross negligence; that on the 12th day of December, 1902, while the plaintiff was passing along over this walk to the post office, in company with another person, the person with whom he was walking stepped on one of the loosened planks, which was apparently in a proper position; that the plank was forced upward in front of the plaintiff, who did not observe the same; that his foot was caught, and he tripped and was thereby thrown down onto the walk with great force and violence, and sustained a serious injury; that the injury was caused without negligence on his part; that it was of a permanent nature, and as a result he had suffered great pain constantly since the accident, and had been rendered unable to properly attend to his business. The defendant's answer was a denial of all of the allegations of the petition,

except the corporate capacity of the defendant, and an allegation that, by the use of reasonable care and caution, the plaintiff would not have fallen and been injured. The reply was a general denial. The trial was to the court and a jury, resulting in a verdict and judgment for $1,500, favorable to the plaintiff. The questions presented for consideration to this court, taken in their natural order, are: First, the rulings of the court on the admission of evidence; second, instructions by the court; and lastly, the sufficiency of the proof to sustain the verdict and judgment.

George Auble, a witness on behalf of the plaintiff, after having testified that he was with the plaintiff when the injury occurred, and to the circumstances of the fall sustained by the plaintiff, was asked: "Q. Did you learn the result of that fall? A. No, sir. Q. I mean, did you make any inquiry? A. I asked him if he was hurt, and he said he was." The defendants moved to strike out the last answer as incompetent and immaterial. The motion was overruled and exception taken. It is claimed that this statement by the plaintiff was not a part of the *res gestæ;* that it was not a spontaneous explanation, as the witness did not ask the plaintiff if he was hurt until after he got up. This contention cannot be sustained. The authorities cited by defendant are *City of Friend v. Burleigh,* 53 Neb. 674, and *Union P. R. Co. v. Elliott,* 54 Neb. 299. In neither case do we find support for the rule which we are asked to apply here. In the former it did not appear when the declaration was made or how soon after the injury, and it was held that the declaration was properly excluded. In the latter a declaration made at the place and within a few moments after the injury was sustained was held to have been properly admitted as a part of the *res gestæ.* From the testimony of the witness it appears that plaintiff got up almost immediately after the fall, and that it was just after he got up that this statement was made, and the admission of the statement was clearly within the rule that the declaration to

be a part of the *res gestæ* need not necessarily be coincident in point of time with the main fact proved; it is enough that the two are so clearly connected that the declaration can in the ordinary course of affairs be said to be a spontaneous expression.

Complaint is also made of the ruling of the court on the admission of the evidence of the witness Malcolm, who was marshal and street commissioner of defendant at the time the accident occurred, and had been for some months prior thereto. The evidence complained of relates to the condition of the sidewalk at the place where the plaintiff fell, and to some extent the condition of the walks generally in the city for some months prior to the time of the accident, and the efforts made by the street commissioner to induce the city council to repair the same, and was, in our judgment, admissible for the purpose of charging the defendant with notice of the dangerous condition of the walk. It is probably true that evidence of the condition of the sidewalks generally in the city would not be sufficient to entitle the plaintiff to recover, but where, as in this case, the testimony of the witness did cover the condition of the walk at the exact place where the injury was sustained, and disclosed that the walk was out of repair and in an unfit and dangerous condition, no prejudice could arise by reason of the statement of the witness with reference to walks generally in the city.

In the first paragraph of the instructions the court defined the issues as presented by the petition, and in doing so quoted largely from the allegations of the petition, and included an allegation found in the petition in this language: "Plaintiff further alleges that he made out an account in writing, setting forth the character of his injury and the time and place of its occurrence, as required by law, on the 11th day of June, 1903, filed the same with the city council of the city of Lexington, and said council on the 24th day of June, 1903, disallowed the same." It is said that, as the law does not require claims such as the plaintiff makes in this case to be presented to the council

of cities of the class of the defendant, the giving of this instruction was erroneous, and authorities are cited by counsel for defendant, holding that in such cases a sworn statement of the injury presented to the city council is not admissible in a subsequent action for such injury. It appears, however, that at the trial all evidence offered on behalf of the plaintiff with respect to the filing of this claim and the action of the city council with reference thereto was, on objection, excluded, so that the authorities cited are not in point. By section 80, article I, chapter 14, Compiled Statutes, 1903 (Ann. St. 8759), it is provided that "no costs shall be recovered against such city or village in any action brought against it for any un-liquidated claim, which has not been presented to the city council or board of trustees to be audited," and in view of that provision of the code the allegation complained of was properly included in the petition, although not necessarily so, and, while all reference to that allegation might well have been omitted from the instruction, it is difficult to see how the jury could have been prejudiced by its incorporation into the instruction, especially in view of the fact that the court in the presence of the jury excluded all evidence tending to sustain the allegation.

Complaint is also made about paragraph 4 of the instructions, which recites: "You are instructed that this action is founded upon certain alleged acts of negligence and failure to use ordinary care." It is said that this instruction is wrong, because its effect is to leave the jury to guess at something, and it might as easily have guessed wrong as right. Instructions 5 and 6 which immediately follow are devoted, however, to defining negligence and ordinary care. No complaint is made about the definitions given by the court, and we fail to see any force in the objection to instruction 4.

In instruction 10 the court said to the jury: "You are instructed that, before you can find for the plaintiff, you must find that the plaintiff has suffered injury, that the

injury was caused by a defect in the sidewalk, that said defect left the sidewalk in an unreasonably dangerous condition, that the plaintiff did not contribute to the said injury by any negligence on his part, that the city authorities had actual knowledge of said defect in time to have repaired same before the accident happened, or that the defect had been notorious and continued for a length of time within which the city authorities, in the exercise of reasonable care and diligence, could have known of the same." The complaint about this instruction is that it does not require the jury to find the facts stated from the evidence. It is conceded in the brief of counsel for defendant that this instruction sets out the essential facts that the jury must find to entitle the plaintiff to recover. The jury were, however, properly instructed by other instructions as to the burden of proof, and the instruction in question is hardly susceptible of the construction placed upon it by counsel.

Defendant complains again of the giving of instruction 11. This instruction is as follows: "You are instructed that ordinary and reasonable care required of plaintiff is that degree of care which might reasonably be expected from an ordinarily prudent person under the circumstances surrounding him at the time. If you should find from the evidence that at the time and prior thereto plaintiff knew of the defective and dangerous sidewalk, and where it was located, he was required to use more care than if he had not such knowledge, and if he neglected to do so, and such neglect contributed to the injury, he cannot recover; but if he did use more than he would be required to do in case he had no such knowledge, and was injured by reason of defendant's neglect, and no fault of plaintiff contributed to the injury, you should find for the plaintiff." It is contended that this instruction is erroneous, because under the evidence in the case the jury should have been instructed that the burden of proof was on the plaintiff to establish the fact that he by his own act did not contribute to the injury. Such is not the law.

Instruction 15 given by the court was devoted to advising the jury of the different elements of damages which they might consider if they found for the plaintiff, and contained this language: "You should allow not only for damages already passed, but for all damages which would naturally and reasonably result from the injury, whether in the past or future." Complaint is made to the last part of the instruction, because it is alleged that the testimony was that, if the plaintiff wore a truss that would fit and kept it adjusted, no danger or inability to work would result from the injury. It is true that in the testimony of two physicians they gave it as their opinion that a truss, properly fitted and kept adjusted, would avoid any inability to work; but one of these physicians fitted the truss which the plaintiff wore on account of a rupture which he claims to have sustained by reason of the injury complained of, and the plaintiff's testimony was to the effect that after he had sustained the injury and while wearing the truss, if he undertook to perform manual labor, such labor would cause pain near the injured part, and he would be obliged to desist and rest; but pain would follow any exertion on his part, and, in our view of the case, it would certainly have been erroneous not to have submitted to the jury the question suggested by the instruction complained of.

In this instruction the court also said to the jury: "You should find from the evidence how much money plaintiff would reasonably have been able and reasonably expected to earn if he had not been injured as alleged, and how much he was and is and will be able to earn with his reduced capacity resulting from such injury, and the difference between these two amounts will be the measure of this element of his damages." Counsel insist that there is no evidence in the record as to the amount of money, if any, plaintiff made before his alleged injury, nor is there anything in the record as to the amount of money that he made afterwards, and that the portion of the instruction just quoted is erroneous for that reason. It is true that

the evidence is not very satisfactory on that branch of the case. There is, however, in the record evidence of what it cost the plaintiff to live, and from which the jury might reasonably infer that he earned at least that amount, prior to the time of his injury, out of his business. There is also evidence that his business had fallen off at least one-half since the injury, and that he had been unable to give his business such attention as it deserved since that time, and we think it can hardly be said that there is such an absolute failure of proof on that branch of the case as to make the giving of this part of the instruction erroneous.

Instruction 17 is as follows: "You are instructed that the burden of proof is upon the plaintiff, and he must satisfy you by a preponderance of all the material allegations of his petition, and if you find that the evidence is evenly balanced, or if it preponderates in favor of the defendant, then your verdict should be for the defendant." It is said that the instruction is erroneous, because the court, evidently through an inadvertence, omitted the words "of all the evidence" after the word "preponderance" in the second line of the instruction. The instruction, however, should be considered as a whole, and when so considered the purpose and meaning of the instruction could not be misunderstood. By the following paragraph the jury were instructed as to the meaning of the term, "the preponderance of the evidence," concerning which instruction there is no complaint. We think upon the whole, that the case was fairly submitted to the jury by the instructions.

As to the complaint that the verdict and judgment are contrary to law and excessive, it is sufficient to say that the evidence, in our mind, is such as to justify the submission of the case to the jury. The question of whether the negligence of the plaintiff was the proximate cause of the injury was a question of fact to be submitted to the jury, and, while a contrary verdict on the evidence would doubtless have been sustained, the court is not justified in invading the province of the jury and overturning its

verdict, because the court might differ in its conclusions of fact.

We recommend that the judgment of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.