MARGARET PINCHES, APPELLANT, V. VILLAGE OF DICKENS, APPELLEE.

FILED MAY 25, 1934.   No. 28878.

*E. H. Evans* and *Urban Simon,* for appellant.

*Beeler, Crosby & Baskins, contra.*

Heard before ROSE and PAINE, JJ., and LIGHTNER, REDICK and THOMSEN, District Judges.

LIGHTNER, District Judge.

This is a suit by Mrs. Margaret Pinches for injuries on account of defects in the walkway of defendant village. She prayed damages in the sum of $2,500. The jury awarded her $3,000, but the district court set aside the judgment, sustained defendant's motion for a directed verdict, and plaintiff has appealed.

Plaintiff, who at the time was about 45, was injured on March 15, 1932, while crossing a gutter or drain. On that day she had been moving from the block northwest of the principal intersection of Dickens to the southeast part of the block southeast of the intersection. Dickens is a small place of only 135 inhabitants. She had made a number of trips, her usual route was to go south from where she had been living to the intersection, then eastward on the middle of the street until she got back of what is known as "Falk's store," which is on the northwest corner of the block she was moving to, and then cut south through some vacant property and the alley to her new abode. Her brother, Rex Brown, was assisting her with a team and wagon. Shortly after noon, plaintiff needed a short length of stovepipe. The hardware store where she could purchase it is immediately west across the street from Falk's store. She left her new location to get it. In returning with this pipe she did not follow the route she had been using earlier in the day, because the hardware store is on the south side of the street, but after getting the stovepipe, an 18-inch length, she went

directly east across the street and on the sidewalk along the north side of Falk's store. Connected with this sidewalk and immediately north of it is the gutter in which she was hurt. The sidewalk is three feet wide and the gutter is five feet five inches wide. After the sidewalk runs about thirty feet east from the northwest corner of Falk's store, it is completely obstructed by a stairway which rises toward the east along the side of Falk's store to a platform where doors open to the south into a hall. Persons wanting to proceed eastward must turn off of the sidewalk and cross the gutter at this point. The gutter was commonly used by pedestrians coming from or going toward the east, and on the south side of the street east of Falk's store is a row of hitching posts, and people who tied their teams at such posts would cross the gutter and come westward over about the same route to the main intersection of the village. This drain begins flush with the sidewalk and slants downward for three feet two inches to a total depth of six inches and then slopes upward for two feet two inches where it meets the traveled portion of the street. However, just before the drain reaches the place where the stairway begins to rise, it falls at a sharper angle than the sidewalk, leaving an abrupt step-off of three or four inches near the stairway. It was at her second step after turning north to cross the drain where plaintiff fell and was hurt. It appears from the evidence that in going to the hardware store for the pipe she had passed over the same route, but of course in the opposite direction. Plaintiff alleges that defendant failed to keep said ditch in proper condition to allow water and melted snow to drain off, but permitted ashes and other refuse to accumulate in said drain, causing water from melted snow to back up and freeze, forming ice in said drain at the point where the stairs met said sidewalk, creating a dangerous, unsafe and slippery condition, and that, while in the proper exercise of due care and caution, she passed out and around the wooden staircase and into the concrete gutter and in so doing slipped

on the ice and was injured. It appears from the evidence that her hand was badly cut on a glass jar, which was lying with other débris at the place where she was hurt. Plaintiff claims that the dangerous condition had existed long enough to give the village both actual and constructive notice. The answer of the village denies that the drain-way was faultily constructed, denies that it knew that the drain-way was used for a passageway or sidewalk, and denies that it knew of the accumulation of débris referred to by plaintiff and alleges that plaintiff's injuries were through her own lack of care and caution and due to gross negligence on her part.

The court fully and fairly instructed the jury as to all questions of negligence and contributory negligence, actual and constructive notice, and all other questions in the case. A careful examination of the instructions convinces us that there is no error in them. The ruling of the court is to the effect that plaintiff was guilty of contributory negligence as a matter of law. While the district court did not so hold, defendant also seeks to uphold the ruling of the court on the ground that the village authorities did not have notice, actual or constructive, of the alleged dangerous condition of the drain.

The principle to be applied in testing the action of the district court has often been stated, and was again stated on February 27, 1934, in *LaFleur v. Poesch,* 126 Neb. 263,. as follows:

"If there be any testimony before the jury by which a finding in favor of the party on whom rests the burden of proof can be upheld, the court is not at liberty to disregard it and direct a verdict against him. In reviewing such action, this court will regard as conclusively established every fact which the evidence proves or tends to establish, and if, from the entire evidence thus construed, different minds might reasonably draw different conclusions, it will be deemed error on the part of the trial court to have directed a verdict thereon. *Bainter v. Appel,* 124 Neb. 40."

Section 20-1151, Comp. St. 1929, after providing that contributory negligence shall not in all cases bar a recovery, further provides that "all questions of negligence and contributory negligence shall be for the jury." However, the court has not applied the statute in accordance with its exact wording, but has held that the sufficiency of the evidence is a question for the court, and the court has in many cases examined the facts and determined as a question of law whether the plaintiff is or is not guilty of contributory negligence sufficient to bar a recovery. We have examined most of the cases cited by appellant and appellee. It will be unnecessary to refer to those which lay down general rules, but only to the cases where the facts are similar to those in this case, or which illustrate some principle here involved. Municipal corporations have the duty of keeping streets and sidewalks in reasonably safe condition for travel by the public. *Davis v. City of Omaha,* 47 Neb. 836; *Hanley v. Fireproof Building Co.,* 107 Neb. 544; *Cushman Motor Works v. City of Lincoln,* 97 Neb. 519.

In *Struble v. Village of De Witt,* 89 Neb. 726, it appears from the statement of facts that the plaintiff had passed over the walk possibly twice before the accident, and it was argued that she must have known the condition of the walk and should have walked in the road, as the road was in good condition, and she had, during a part of her walk, where there was no sidewalk, followed the road. The plaintiff was also carrying several packages and the burden of these packages may have contributed to her accident. The court said: "If these circumstances afforded any evidence whatever of contributory negligence, the most that can be said is that it was a question for the jury." The accident happened early in September and this is not, therefore, a case of slippery condition due to ice or snow. A former opinion is found in 81 Neb. 504.

In *Tewksbury v. City of Lincoln,* 84 Neb. 571, plaintiff with another lady was passing over the sidewalk and

bridge on a Sunday afternoon going to church. A sewer drain had become clogged and the city was flushing it and the ice froze on the sidewalk making a dangerous condition. Answering the claim that the plaintiff was guilty of contributory negligence, the court said: "It is suggested that plaintiff was guilty of contributory negligence in stepping on the icy sidewalk and bridge. We find nothing in the evidence by which we can say as a matter of law that plaintiff was guilty of contributory negligence. That question was submitted to the jury under proper instructions, and their finding will have to stand." The court also say: "No precaution was taken to prevent accidents to persons passing over the freezing water, and the testimony on the part of plaintiff is that the spraying and freezing continued on Sunday. On that day it was quite cold, and there was ice upon that part of the bridge over which plaintiff passed, which was not noticed by her, and she fell, inflicting the injury. The sidewalks and streets elsewhere were dry."

*City of Wahoo v. Reeder*, 27 Neb. 770, is a defective sidewalk case. The walk was old, full of holes, and had been in bad condition for some time. About the 9th of January the plaintiff, in going over the walk which was at this time partly covered with snow, stepped into one of the numerous holes therein and received the injury to her knee complained of. A recovery was sustained. It was held that there was no proof of contributory negligence on the part of the plaintiff to submit to the jury.

In *City of Chadron v. Glover*, 43 Neb. 732, the particular defect in the sidewalk is not shown. One of the contentions was that the injury occurred at a point outside of the line of sidewalk where the sidewalk had been widened back to a rink used for public entertainments. Inasmuch as it appeared that the whole formed a continuous walk open to the public and that the city had exercised control over the whole thereof and permitted the same, its duty to maintain the same is not affected

by the fact that under its ordinance a narrower walk might have been erected.

*Village of Ponca v. Crawford,* 23 Neb. 662, was a case where a stranger, walking on the sidewalk after nightfall, came to a break in the sidewalk. Instead of turning back he endeavored to descend to the ground at the end of the sidewalk, a distance of about three feet. In so doing in a careful manner, he fell upon a saw bench, which had been left on the ground at the end of the sidewalk, and was injured. It was held that he was not guilty of contributory negligence. The court in discussing the action of plaintiff say: "The act of the plaintiff, suggested as constituting contributory negligence, is that of not turning back and abandoning his walk along the sidewalk and street, when he discovered that the sidewalk did not continue on the same unbroken level. Whether a person of ordinary care and prudence, of the knowledge of and acquaintance with the streets and sidewalks of a village, or the want of either, which the plaintiff was shown to have possessed, would have turned back and abandoned his purpose in proceeding along the street on ascertaining that there was an apparent break in the sidewalk, or would have continued his endeavor to proceed, is a question of fact for the jury, proper for consideration and determination, under proper instructions."

A walkway which is supposed to remain and become a part of the avenues of public travel must be maintained in reasonable condition by the municipality. *Village of Plainview v. Mendelson,* 65 Neb. 85; *Village of Ponca v. Crawford,* 23 Neb. 662; *City of Chadron v. Glover,* 43 Neb. 732.

Notice of the defective condition of a walk will be presumed by lapse of time and is a jury question. *City of Plattsmouth v. Mitchell,* 20 Neb. 228; *City of Grand Island v. Oberschulte,* 36 Neb. 696.

In *Foxworthy v. City of Hastings,* 25 Neb. 133, plaintiff, a stranger to Hastings, slipped and fell on the sidewalk. The accident happened on January 21. The fall

seems to have been due to an accumulation of snow and ice. The court in discussing the case say: "Where the defect in a sidewalk has been occasioned by decay or other cause, the rule no doubt is that the city must have actual notice, or the defect have existed for such a length of time that notice will be presumed. Where, however, the obstruction is caused by falling snow, which has extended over the entire city or state, this is notice to the city authorities of the existence of snow on the sidewalks, and in case of a city of the second class, with ample power to clear the same, it is its duty to do so or cause the same to be done within a reasonable time, otherwise it will be liable for injury occasioned by its neglect. The question whether the city was negligent in not removing the obstruction was one of fact, and should have been submitted to the jury."

Previous notice of a defect will not constitute such contributory negligence as will bar recovery as a matter of law, but such alleged negligence is one for the jury taking all the facts into consideration.

*City of Beatrice v. Forbes,* 74 Neb. 125, was a case where plaintiff fell by reason of ice. It was held that contributory negligence could not be imputed to him as a matter of law from the mere fact that he attempted to pass over a walk obstructed or otherwise out of repair, to his knowledge, provided the obstruction or defect was such that a man of ordinary intelligence would reasonably believe that with proper care and caution he could pass with safety notwithstanding the defect.

In *Nicholson v. City of South Omaha,* 77 Neb. 710, the accident was not due to snow or ice but to a defective walk. The evidence showed that the plaintiff himself knew of the defective condition of the walk and had passed it on numerous occasions, as it was the only passable way to reach the city from the place of his residence during bad weather and a muddy condition of the ground. He stated that on the night in question he was not thinking of the dangerous condition of the walk at the time

he approached it; that his mind was absorbed by a matter of business upon which he had been engaged during the day and which he was anxious to conclude. He did not claim that his attention was diverted by any passing object or by anything taking place which distracted his attention. The court hold: "It is not the plaintiff's knowledge of the defect in a walk or street that precludes his recovery, but his want of such care as a prudent man would exercise in view of the danger. This is usually a question for the jury." The accident in his case happened at night.

The burden of proof of contributory negligence is on the defendant. *Rapp v. Sarpy County,* 71 Neb. 382; *City of Lexington v. Fleharty,* 74 Neb. 626.

There was, in our opinion, sufficient notice to sustain the verdict. The village knew the sidewalk was obstructed by the stairway and that pedestrians had to cross the gutter. The nature of the accumulation shows that it might have been there for a long time.

Appellee's next proposition is that, where a person falls upon a slippery sidewalk or an obstruction the person knows to exist at the place, he is charged with the duty of using due care and caution. Appellee admits that this does not mean that he must go around the obstruction or defect, but in passing over it he must use some care and caution beyond the ordinary care exercised by a person walking upon a sidewalk, knowing of no defect therein. One of the Nebraska cases cited is *Bell v. City of York,* 31 Neb. 842. In this case plaintiff fell on January 14, on account of the slippery condition of the walk. The judgment was for the defendant city. The court said that the important question of fact as to the condition and reasonable safeness of the walk was left to the careful consideration of the jury, and that the instructions were neither partial nor unfavorable, and that, the jury having found against the plaintiff on the facts, the objection that the verdict was not sustained by sufficient evidence and was contrary to the instructions of the court

was overruled. The court in discussing the case say: "Whether a city is liable for the common accidents to its citizens through ice and snow on the sidewalks will greatly depend on the circumstances of each particular case, but in most cases it is held that, to recover, there must be evidence of an obstacle attending the casualty other than mere slippery walks, that provoked the danger."

*City of Beatrice v. Forbes,* 74 Neb. 125, is also cited. In this case the court say: "It is insisted by the plaintiff in error that the evidence taken as a whole shows that Forbes was guilty of negligence which proximately contributed to his injury; that he knew the condition of the crossing, and voluntarily assumed the risk of attempting to pass it, and that he cannot now insist that the damages sustained should be borne by the city. There are instances where the court as a matter of law would say that the danger attending the performance of an act was so great and manifest that it was negligence to attempt it, and that no recovery could be had for damages sustained in such attempt. * * * We do not understand, however, that one, on discovering a defect or obstruction in a public street on which he is traveling, or a place therein that might be unsafe, is required to turn back and take some other route to his destination, unless the defect is of such a character as to render it dangerous to the mind of a person of ordinary prudence to attempt the passage, of which the jury are to judge; and especially is this not required where, as in the present case, a large number of people are using the street and passing over the defective way, without injury, to the knowledge of such person. The evidence is conclusive that the crossing was being used by a large number of persons, who passed without accident or injury, and that it was not obviously dangerous to attempt it; but, notwithstanding this, counsel for the city insists in his reply brief that this court should reverse the case upon the theory that as a matter of law the plaintiff was guilty of contributory

negligence." In this case the finding was for the plaintiff and the case was affirmed by the supreme court.

Appellee's last contention is that the mere slippery condition of walks is not sufficient to warrant recovery and cites *Nebraska City v. Rathbone*, 20 Neb. 288. This case holds: "Where the testimony shows that there were accumulations of snow and ice on a sidewalk, in consequence of which the plaintiff fell and sustained severe injuries, the question whether the city was negligent in removing the obstruction is one of fact, to be determined by the jury from all the circumstances of the case." The above quotation is from the syllabus. In the body of the opinion it is said, quoting from the case of *Congdon v. City of Norwich*, 37 Conn. 414: "Accumulations of snow and ice may produce such a condition of the road as to cause it to be dangerous and defective, and in each particular case of alleged defect from such cause the question will depend upon an inquiry of fact, whether under all the circumstances of the case the road was in a reasonably safe condition, and whether those who were bound to keep the road in repair are justly chargeable with negligence and want of reasonable care in relation to it." After the quotation from the Connecticut case our supreme court say: "The question whether a sidewalk was defective or in an unsafe condition is one of fact and not of law. While the courts generally hold that the mere fact that a sidewalk is slippery will not render the corporation liable for an injury occasioned to a person by falling on such walk in consequence of such condition of the walk, yet when there are accumulations of snow and ice on the sidewalks the city may be liable if it has been guilty of negligence in not removing the same."

*Bell v. City of York*, 31 Neb. 842, is also cited in support of this proposition. It has already been discussed.

The weight of authority in this state seems to be to the effect that a question of fact is presented, which is for the jury. There is evidence tending to show that a path led across the drain at the place plaintiff was walk-

ing and she was therefore justified in walking at such place; that there was an accumulation of leaves, ice and a creamy substance, probably muresco, that extended up on the slope of the drain, rendering it slippery, and which might not be noticed by an ordinary observer. One witness described this accumulation as a lot of ice and snow, débris of different kinds, leaves, trash and papers, and some muresco on the snow, and in the snow a broken fruit jar. The bottom of the fruit jar was intact with some ragged pieces sticking up from the bottom and also the lid of the fruit jar lying there. This accumulation was around four inches deep and would cover better than one-third of the drain; there was a trail from the east sidewalk where the stairs were running through there. You would step down into this drain and possibly take two steps to the east before the trail stepped up out of the drain. There is a path from the stair all the way past the hitching rack to the north and also one going around the back end of the store and down the alley. The place was full of débris, the greater part of it from the place where Mrs. Pinches fell, on east. By débris he refers to papers and leaves. Vern Bruce, another witness slipped at the same place on the 11th of March, and says that there were snow and ice in the bottom of the drain and a cream colored substance mixed with the ice on the side of the drain, which covered a third of the bottom and on the south side of the slope of it; that the snow and ice were two or three inches deep and a path leads from the hitching post through the drain at the place where he slipped. The fact that plaintiff had walked over the place a short time before, coming from the opposite direction, would not apprise her of the danger; at least, it did not apprise her of it, and there is no evidence to show that anything she saw or should have seen would apprise her or a reasonably prudent person of the danger. There is sufficient evidence to indicate that the obstruction had been in the drain for some time. By permitting the entire sidewalk to be obstructed by the stairway above

referred to, the village made it necessary to step off the sidewalk in order to go around the stairway, and the village had the same duty with reference thereto as it had to the sidewalks. "The board of trustees shall have power * * * to require and regulate * * * the building of stairways * * * and all other structures projecting upon or over and adjoining, and all excavations through and under the sidewalks of such village." Comp. St. 1929, sec. 17-207. "To remove all obstructions from the sidewalks, curbstones, gutters and crossroads at the expense of the person placing them there, or the city or village, and to require and regulate the * * * building of * * * stairways * * * and all other structures projecting upon or over and adjoining, * * * and all other excavations through and under the sidewalks in the said city or village." Comp. St. 1929, sec. 17-453. "To prevent and remove all encroachments into and upon all sidewalks, streets, avenues, alleys and other city or village property." Comp. St. 1929, sec. 17-455.

The verdict seems to have been set aside because the plaintiff might have walked at another place and did not, and because she had been over the same place coming from another direction a short time before. We suppose that a pedestrian was never hurt by reason of defective streets or sidewalks but that he could have avoided the danger by going somewhere else, and although there is evidence that plaintiff had been over this route shortly before, there is no evidence that she believed that it was unsafe to cross the drain where she did cross it and none to the effect that she was not observing due care. Every proposition advanced to sustain the action of the trial court is, in our judgment, fully answered by the Nebraska cases. In *Foxworthy v. City of Hastings,* 25 Neb. 133, it was held that the question whether the city is negligent in not removing the obstruction of snow and ice from the sidewalks is one of fact. In *Tewksbury v. City of Lincoln,* 84 Neb. 571, plaintiff could certainly have seen the ice on which she slipped on a Sunday afternoon.

In *Struble v. Village of De Witt,* 89 Neb. 726, plaintiff had been over the dangerous walk at least twice before. In *Village of Ponca v. Crawford,* 23 Neb. 662, the plaintiff came to a break in the walk. He could easily have turned back, but did not do so. In *City of Beatrice v. Forbes,* 74 Neb. 125, it was held that contributory negligence could not be imputed to plaintiff as a matter of law from the mere fact that he attempted to cross over a walk obstructed or otherwise out of repair. In *Nicholson v. City of South Omaha,* 77 Neb. 710, plaintiff knew of the dangerous condition of the walk.

The procedure of the district court was in accordance with that suggested in *Netusil v. Novak,* 120 Neb. 751. The question now is whether the verdict of the jury may be allowed to stand or whether the case should be reversed. Neither party has suggested any error in the instructions, nor in the amount of the verdict except that the verdict was in excess of that prayed for in the petition. We doubt if the plaintiff is bound by the prayer of her petition, especially in a case where she had already filed a claim for $5,000 with the village. The verification does not apply to the amount. Comp. St. 1929, sec. 20-830. At any rate, under our liberal rule she may amend to conform to the proof. Comp. St. 1929, sec. 20-852.

The judgment is therefore reversed and the cause remanded, with directions to reinstate the verdict and judgment in plaintiff's favor.

REVERSED.